WHITED et al. v. JOHNSON.　(No. 5290.)

(Court of Civil Appeals of Texas.　San Antonio. May 20, 1914.　Rehearing Denied June 17, 1914.)

1. MINES AND MINERALS (§ 58*)—CONTRACT OF SALE—VALIDITY.

A contract of sale of all the oil, gas, coal, sulphur and other minerals, in and under a described tract, that may be found by drilling and mining operations which may be conducted on the land, is a valid contract of sale, which the purchaser may not destroy by failing to drill or mine.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§. 168, 169; Dec. Dig. § 58.*]

2. MINES AND MINERALS (§ 83*)—CONTRACT OF SALE—CONSTRUCTION.

A contract by several persons for the purchase of all of the oil, gas, coal, sulphur, and other minerals, in and under described .land, that may be found by drilling and mining operations, is, as between the purchasers, joint and several, and each is liable for the contract price, and the vendor may sue all or any number of the purchasers for the price.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 212, 214, 215; Dec. Dig. § 83.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

3. APPEAL AND ERROR (§ 880*)—PARTY ENTITLED TO COMPLAIN.

Where purchasers of oil, gas, coal, sulphur, and other minerals in and under described land obtained the benefit of a partial payment of the price made by a copurchaser, he was the only person who could complain of a judgment for the balance against the purchasers, including himself; and, where he did not appeal, the judgment would not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. § 880.*]

4. EVIDENCE (§ 348*)—OPINION OF COURT OF SISTER STATE—REQUISITES OF CERTIFICATE.

The opinion of the Supreme Court of a sister state, not published as an opinion of the court, is admissible in evidence only as a record and judicial proceeding of the Supreme Court, and must be authenticated, as prescribed by Rev. St. U. S. § 905 (U. S. Comp. St. 1901, p. 677).

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1361–1383; Dec. Dig. § 348.*]

5. APPEAL AND ERROR (§ 1050*)—EVIDENCE (§ 80*)—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

A contract which is valid in Texas is presumably valid in a sister state, so that the error in admitting in evidence an opinion of the sister state, not rendering the contract invalid, is not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050;* Evidence, Cent. Dig. § 101; Dec. Dig. § 80.*]

6. MINES AND MINERALS (§ 58*)—CONTRACT OF SALE—VALIDITY.

A contract of sale of oil, gas, coal, sulphur, and other minerals in and under described land sufficiently identifies the minerals.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 168, 169; Dec. Dig. § 58.*]

Appeal from District Court, Harris County; William Masterson, Judge.

Action by Walter F. Johnson against A. D. Whited and others. From a judgment for plaintiff certain of the defendants appeal. Affirmed.

J. S. Wheless and W. D. Gordon, both of Beaumont, for appellants. Hunt, Myer & Teagle, of Houston, for appellee.

FLY, C. J. Appellee sued A. D. Whited, W. T. McKallip, J. S. Putnam, Jr., Mars McLean, W. D. Gordon, Geo. W. Hooks, Geo. W. Newman, and E. M. Nutting, appellants, to recover of them a balance of $5,356 on a certain contract by which appellants bound themselves to pay to appellee the sum of $10,000 for "all of the oil, gas, coal, sulphur and other minerals in and under" a certain tract of about 1,000 acres of land in De Soto parish, state of Louisiana, "that may be found by drilling and mining operations which may hereafter be conducted on said land with the right of ingress or egress at all times for the purpose of drilling, mining and operating for said minerals." Appellants admitted the execution of the contract, but assailed its validity because it sought to convey a fee-simple title to oil and gas underlying the land, and it was also alleged that the land did not

belong to appellee, and he had no right or authority to convey the minerals therein, and they asked for cancellation of the contract and a recovery of their money. The answer was made by all of the defendants except Putnam and Nutting, and it was alleged by the others that, Putnam being a relative of appellee, refused to defend. Judgment was rendered in favor of appellee for the sum of $4,883.94, as against all of the defendants except Nutting, who was not cited and was dismissed from the suit. This appeal is prosecuted by all of the defendants below, except Putnam and Hooks.

Appellants admitted execution of the contract, and the evidence showed that fact, and that they made payments on the contract and reduced it to the sum for which judgment was rendered. By the terms of the contract all of the oil, gas, coal, sulphur and other minerals in and under the thousand acres of land, the property of appellee, were sold, with the rights of ingress and egress, and all others necessary in order that appellants might obtain such minerals. We adopt the findings of fact of the trial judge.

[1] There is no admission of appellee that all minerals were not included in the contract, and if there had been, it could not alter the plain terms of the contract. It does not matter that appellants were preparing to drill for oil; they bought all other minerals and could not destroy the contract by not digging for coal or sulphur. The contract was valid and binding in Louisiana, or any other state.

The finding of fact complained of in the second assignment of error is immaterial, and the assignment is overruled. It is based on the theory that the contract is invalid.

[2, 3] The contract between appellants, including Nutting and Putnam, and appellee was a joint and several one, and each one of them was liable for the whole amount to appellee. The dismissal of Nutting from the suit did not therefore entitle appellants to a credit for his proportion of the debt. Appellee could prosecute his action against all or any number of the payors named in the obligation. Appellants obtained the benefit of the payment made by Putnam, and they have no cause of complaint, because not only did they profit by his payment, but he was made liable with them for the amount of the judgment. If any one has a grievance, it is Putnam, and not appellants.

Appellants and their associates considered the right to enter upon appellee's land and explore for oil, gas, coal, sulphur, and other minerals worth the sum of $10,000, and if they have received nothing for their money, it is their fault in not putting down wells or sinking shafts, or their fault of judgment in buying rights which amounted to nothing. There is, however, no proof tending to show that the mineral rights were worthless; and,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

so far as appears from the record, there may be vast quantities of virgin oil underlying the surface of the land waiting to be brought to the surface, or inexhaustible mines of coal, sulphur, and other minerals awaiting development. The judgment does not in any manner interfere with their rights in the land, but simply compelled appellants to comply with their contract and pay according to their promise. There was no mistake of fact in making the contract. Appellants wanted to buy certain rights in certain lands in Louisiana, and offered the owner a certain sum for those rights, which he accepted. They wish to breach their contract and evade payment of their obligations, and the trial court very properly prevented them from so doing.

[4, 5] The decision of the Louisiana court was not proved as it should have been in order to be introduced in evidence. The decision was not contained in a bound volume of Louisiana reports. The certificate of the clerk does not show that the opinion is one rendered by the Supreme Court of Louisiana, but merely that the paper contained—

"a true extract from the record of the proceedings had in the First Judicial district court, for the parish of Caddo, in a certain suit wherein R. F. Wadkins was plaintiff, and Atlanta & Shreveport Oil & Gas Company was defendant, which record is on the files of this court under No. 19,315."

If anything was ever done in the Supreme Court in connection with the case, the certificate of the clerk failed to indicate it. The opinion, not being published as an opinion of the court, could have been admitted only as a record and judicial proceeding of the Supreme Court of Louisiana, and as such should have been attested by the clerk of that court, with the seal of the court annexed, together with a certificate of the Chief Justice, that the attestation is in due form. U. S. Rev. St. § 905 (U. S. Comp. St. 1901, p. 677). No judge of the Louisiana court certified that the attestation was in due form, nor could have done so in view of the form of attestation. The opinion should not have been admitted in evidence, but it was immaterial as the court construed it not to render the contract invalid. We must presume that the contract which is valid and binding in Texas is valid and binding in Louisiana, as it should be in any country.

[6] The case of Brown v. Spilman, 155 U. S. 665, 15 Sup. Ct. 245, 39 L. Ed. 304, and Ohio Oil Co. v. Indiana, 177 U. S. 200, 20 Sup. Ct. 576, 44 L. Ed. 729, cited by appellants, are not authority for the obscure proposition:

"The conveyance by the owner of land, of the oils and minerals beneath the surface of the land is not the conveyance of right, because such oil and minerals, not being susceptible of identification, are therefore not susceptible of sale."

On the other hand, a lease of land for oil and gas boring was upheld in the first named case. We know of no decision of any court that holds that a sale of coal, sulphur, oil, gas, and other minerals in certain land is not valid and binding. The identification of the minerals is that they are in or on a certain tract of land, and that is sufficient. This is fully sustained in the cited case of Ohio Oil Co. v. Indiana, and the notes thereto in Book 44, Lawyers' Co-Op. Ed.

There is no error in the judgment, and it is affirmed.