## WEST v. TILLEY.

No. 5569. Opinion Filed April 18, 1916.

(157 Pac. 283.)

CONTRACTS—Construction—Written Provisions. Where two provisions of a contract are absolutely repugnant, and one provision is a part of a form while the other is written in, the written provision will ordinarily prevail.

(Syllabus by Burford, C.)

*Error from District Court, Kiowa County;*
*Jas. R. Tolbert, Judge.*

Action by T. B. West against Tillie Tilley. Judgment for defendant, and plaintiff brings error. Affirmed.

*Rummons & Logan,* for plaintiff in error.

*Phelps & Cope,* for defendant in error.

Opinion by BURFORD, C. T. B. West brought an action for an injunction to restrain the defendant, Tillie Tilley, from interfering with his ingress and egress in and to a certain tract of land in Kiowa county. The plaintiff claimed under an oil and gas mining lease, which the defendant claimed had expired and become forfeited by its

own terms.  The county ·judge granted a temporary injunction, which was later dissolved by the district judge, and from the order dissolving the temporary injunction the plaintiff appeals to this court.

The lease under which the plaintiff claims was upon a printed form, which, in places, had been filled in by writing.  The pertinent provisions of the lease—the written portions thereof appearing in italics—are as follows:

"In case operations for the drilling of a well, for either oil or gas is not commenced within 90 days from this date then this grant shall become null and void as to both parties, provided that the second parties may prevent such forfeiture *by compliance with the conditions herein and* by paying to the first parties the sum of 50 cents per acre on the *20th* day of *August, 1912,* and thereafter annually in advance for a period of 2½ years or until such well is commenced, provided it be commenced within the above-mentioned 2½ years. ·

"In case the par*ties* of the second part should bore and discover oil or gas, then and in that event this grant, incumbrance or ·conveyance shall become in full force and effect for five years from the time of the discovery of such product, and as much longer as oil and gas shall be procured in paying quantities thereon.  *This lease shall be null and void at the end of one year from this date, unless drilling has· been commenced on this land."*

It is alleged in the petition, and not disputed, that at the time suit was instituted drilling had not been commenced on the land.  On the ·20th day of August, 1912, plaintiff paid to the defendant the sum of $80, which she accepted and still retains.  Prior to the 20th day of August, 1913, and after the 20th day of May, 1913 (the 20th day of May, 1912, being the date of the lease), plaintiff attempted to go on the land and commence drilling opera-

tions, but was prevented by the defendant, and hence this action.

After careful consideration of the provision of this instrument we are of the opinion that the words "from this date," included in the provision of the lease last above quoted, must be construed to refer to the date of the execution of the instrument, rather than to the date of the payment of the annual rental. If this be true there is an absolute repugnancy between the terms of the two provisions above set out. It appearing that the latter provision and the words "by compliance with the conditions herein," in the first provision, were written into the original form, it must be assumed that the latter part of the first provision providing for payment for 2½ years was left in the lease by inadvertence, and that it was the evident intention of the parties to limit the duration of the grant to one year from the date of the execution, unless drilling was commenced within that time.

Section 961, Rev. Laws 1910, provides:

"Where a contract is partly written and partly printed, or where part of it is written or printed, under the special directions of the parties, and with a special view to their intention, and the remainder is copied from a form originally prepared without special reference to the particular parties and particular contracts in question, the written parts control the printed parts, and the parts which are purely original control those which are copied from a form. And if the two are absolutely repugnant, the latter must be so far disregarded."

Under section 964, Rev. Laws 1910, it is only when the preceding rules set out in the statute, of which the above-quoted section is one, will not remove the uncertainty in a contract, that such contract is to be construed

most strongly against the promisor.   See *Joiner et al. v. Ardmore Loan & Trust Co.*, 33 Okla. 266, 124 Pac. 1073, where all of the provisions of the statute are discussed.

In view of the way in which the lease is written and the provisions of the statute, we are of the opinion that the grant had expired at the time the plaintiff attempted to go upon the land in question, and that therefore he was not entitled to the relief sought.

The judgment of the district court is affirmed.

By the Court:   It is so ordered.