## BARKER v. CAMPBELL-RATCLIFF LAND CO. et al.

No. 6244—Opinion Filed May 8, 1917.

Rehearing Denied Sept. 18, 1917.

(167 Pac. 468.)

(Syllabus by the Court.)

**1. Oil and Gas—Reservation in Deeds—"Mineral."**

Oil and gas are minerals, within the meaning of a reservation by deed of "all mineral rights" upon the land described in the deed.

**2. Same—Reservations—Effect.**

The defendant land company conveyed the land in question to one through whom plaintiff claims, reserving in the granting clause all mineral rights upon the above-described lands, and the right to enter thereon and to use so much of the surface as might be reasonable for the purpose of extracting the mineral thereon.

Held, this reservation is not repugnant to the covenants of title.

Held, further, this reservation excepted from the conveyance the right of defendant land company to enter upon the land for the purpose of exploring and extracting the oil and gas. Plaintiff took the title with this exception and burdened with this right.

**3. Champerty and Maintenance—Oil and Gas—Adverse Possession—Surface—Mineral Rights.**

In order to make a holding adverse to one who has reserved all mineral rights and the right to enter thereon for the purpose of extracting the same, there must appear to have been some denial of his right, or some assertion of a claim inconsistent with his right, which does not necessarily appear where a person uses the land merely for agricultural purposes, as such use is entirely consistent with the right of another to prospect for oil and gas under the soil.

Held, possession of the plaintiff for tillage was not adverse as to oil and gas, and the right to enter and explore for same, as against defendant Hoskins, who entered under a lease from defendant land company, and the lease therefore not champertous.

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by Norman Barker against the Campbell-Ratcliff Land Company and another. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Norman Barker, for plaintiff in error.

W. H. Kornegay and Rowland, Talbott & Nyce, for defendants in error.

OWEN, J. This is an action to quiet title to 30 acres of land in Washington county against the claim of J. R. Hoskins under an oil and gas lease from the Campbell-Ratcliff Land Company. The case was tried to the court below, and judgment for defendants.

The defendant land company by warranty deed conveyed the land in question to one Morgan. The granting clause of that deed is:

"Do hereby grant, bargain, sell, and convey to the said W. R. Morgan, and unto his heirs and assigns, forever, the following lands, lying in the third recording district of the Indian territory, to wit: S. ½ of the S. E. of the S. W. and the S. E. of the S. W. of the S. W. of section 1, township 25, range 12 east, containing 30 acres, more or less, according to the government survey thereof. However, it is hereby agreed that the parties of the first part reserve all mineral rights upon the above-described lands, and the right to enter thereon, and to use so much of the surface as may be reasonable for the purpose of extracting the mineral thereon at any time, is reserved from this grant."

This deed was placed on record, and thereafter Morgan conveyed by warranty deed to McLain, making reference to this reservation. McLain conveyed to Gilkey, and Gilkey to the plaintiff, without reference to the reservation. Plaintiff took possession of the land and used same for agricultural purposes. Thereafter the land company made an oil and gas lease to the defendant Hoskins, who entered upon the land and proceeded to develop same for oil and gas.

The gist of plaintiff's contention is that the reservation of "all mineral rights upon the above-described lands, and the right to enter thereon," is void for three reasons: He urges, first, the words "all mineral rights" do not cover all oil and gas; second, even conceding the reservation did cover oil and gas, it is void, because it is repugnant to the covenants of title in the deed; third, oil and gas are not subject of sale or grant. Plaintiff urges, also, that the lease under which defendant Hoskins is developing the land is champertous, for the reason that the land company, at the time of the execution of the lease, had not been in possession of the land during the period mentioned in section 2260, Rev. Laws 1910.

The first question to be determined is whether oil and gas are included in the language of the reservation of "all mineral rights." The lower court held they were included in the reservation, and we so hold. The authorities, so far as our examination goes, generally hold oil and gas to be minerals. The only case holding to the contrary is Dunham v. Kirkpatrick, 101 Pa. 36.

47 Am. Rep. 696, and relied upon by plaintiff. The great weight of authority is not only opposed to this case, but in the later cases that court treats oil and gas as mineral substances. Gill v. Weston, 110 Pa. 312, 1 Atl. 921. Some of the authorities supporting our view are: Murray v. Allred, 100 Tenn. 100, 43 S. W. 355, 39 L. R. A. 249, 66 Am. St. Rep. 740; Weaver v. Richards, 156 Mich. 320, 120 N. W. 818; Sult v. Oil Co., 63 W. Va. 317, 61 S. E. 307; Thornton, Oil & Gas, sec. 304; 27 Cyc. 628. In the various acts of Congress dealing with the sale and leasing of land of Indians in this state, oil and gas are treated as minerals. Leahy v. Oil Co., 39 Okla. 312, 135 Pac. 416; section 13, Act June 28, 1898 (30 U. S. Stat. 495, c. 517); Superior O. & G. Co. v. Mehlin, 25 Okla. 809, 108 Pac. 545, 138 Am. St. Rep. 942.

In support of his contention plaintiff relies also on the cases of Detlor v. Holland, 57 Ohio St. 492, 49 N. E. 690, 40 L. R. A. 266, and Barnard Oil & Gas Co. v. Farquharson, Ann. Cas. 1913B, 1212. These cases, we think, are not in point. The conclusions reached were perhaps right, based on the grants construed. In the last-mentioned case the court said:

"Natural gas is not a mineral within the meaning of a provision in a grant, made before natural gas became commercially valuable, excepting and reserving 'all mines and quarries of metals and minerals, and * * * springs of oil in or under * * * said land.'"

In Detlor v. Holland the Supreme Court of Ohio, in construing the grant, said:

"The conveyance in question is what is usually known as a mining right, and grants and conveys all the coal of every variety, and all the iron ore, fire clay, and other valuable minerals. * * * The deed of the mining right was made in February, 1890, and it must be construed in the light of the oil developments as they then existed in the vicinity of the land. * * * There is nothing to show that he had any knowledge of the existence of oil in or near these lands."

We are not unmindful of the rule urged by plaintiff that the grant containing a reservation or exception must be construed most strongly against the grantor. Another cardinal rule of construction is that the grant must be construed to effect the plain intention of the grantor, and if that intention is plain it controls, regardless of inconsistent clauses, which are to be reconciled by the intent deduced from the entire instrument. Gladys City Oil & Mfg. Co. v. Right of Way Co. (Tex. Civ. App.) 137 S. W. 171. In the instant case there was un-

contradicted proof of development of oil in the vicinity of this land prior to the deed containing the exception of all mineral rights, and it was expressly understood between Campbell, of the land company, and Morgan, the original grantee, that the oil and gas rights were to be excepted. C.-M. 101, 102.

Plaintiff, in support of his second contention, says the exception or reservation is repugnant to the grant and covenants of title. He relies upon the case of Silver v. Bush, 213 Pa. 195, 62 Atl. 832. In that case the habendum clause contained an exception to the minerals underlying the same, which the grantor reserved. The court held that the term "mineral," as used in the deed, was not intended by the parties to include gas. That case does not support this contention.

The exception of the oil and gas in the deed in question is not repugnant to the covenants of title. The grantee, under whom plaintiff claims, took the land subject to the exception and burdened with the right reserved to grantor to enter upon the land for the purpose of extracting oil and gas. In the case of Kiser v. McLean, 67 W. Va. 294, 67 S. E. 725, 140 Am. St. Rep. 948, the Supreme Court of West Virginia passed on a similar grant, using the following language:

"In a grant of land, an exception of * * * oil and gas and the right to go upon the land for the same is not defeated by covenants for quiet possession of the land and freedom from incumbrances thereon. Such covenants relate only to the thing conveyed —the land without the oil and gas—the land burdened with the right to operate thereon for the oil and gas retained."

In support of his contention that the reservation is void for the reason that oil and gas in place are not subjects of sale, grant, or reservation, plaintiff cites the cases of Kolachny v. Galbreath, 26 Okla. 772, 110 Pac. 902, 38 L. R. A. (N. S.) 451, and Frank Oil Co. v. Belleview Gas & Oil Co., 29 Okla. 719, 119 Pac. 260, 43 L. R. A. (N. S.) 487. In these cases this court held the leases in question to be a license to go upon the land and explore for oil and gas; that owing to the nature of oil and gas they are not subjects of sale, while in place under the land, so as to pass title and support an action of ejectment. The exception in the deed in question here gives the defendant the right to go upon the land for the purpose of exploring for oil, and it is admitted that Hoskins has produced oil in paying quantities, and the cancellation of his lease and his exclusion from the premises is the purpose of this suit.

Under the weight of authority, the right to go upon the land for the purpose of prospect-

ing and taking therefrom the oil and gas is a proper subject of sale, and may be granted or reserved. The title to the oil and gas becomes perfect when discovered and reduced to actual possession. The real subject of the exception and reservation in the deed here was the right to enter upon the land for the purpose of taking possession of the oil by mining and boring for the same. Brown v. Spilman, 155 U. S. 665, 15 Sup. Ct. 245, 39 L. Ed. 304; 27 Cyc. 681-2; Whited v. Johnson (Tex. Civ. App.) 167 S. W. 812; Heller v. Dailey, 28 Ind. App. 555, 63 N. E. 490; Archer, Oil & Gas, c. 49, sec. 1; Koen v. Bartlett, 41 W. Va. 559, 23 S. E. 664, 31 L. R. A. 128, 56 Am. St. Rep. 884.

To render the lease from the land company to Hoskins champertous, there must have been an adverse possession. Since the reservation gave the land company and its lessee the right to go upon the premises to operate for oil and gas, the possession of the surface held by plaintiff for agricultural purposes was not an adverse possession of the oil and the right to explore for the same, and the lease therefore was not champertous. In the early days of the common law a man who had possession of the surface held to the center of the earth; but under modern developments of mineral lands, including oil and gas, it often happens that the owner of a farm grants and conveys the right to explore and take from the land the minerals, retaining to himself the possession and right to cultivate the surface. This may be done, as in this case, by exception to the grant. The possession of the surface by plaintiff for the purpose of cultivation gave him no possession of the oil and gas under the surface, and did not exclude the defendants from the right to go upon the land and prospect for the same. Murray v. Allred, supra; Stewart v. Chadwick, 8 Iowa, 462; Gas Co. v. De Witt, 130 Pa. 235, 18 Atl. 724, 5 L. R. A. 731; Coal Co. v. Mellon, 152 Pa. 286, 25 Atl. 597, 18 L. R. A. 702, 34 Am. St. Rep. 645; Lillibridge v. Coal Co., 143 Pa. 293, 22 Atl. 1035, 13 L. R. A. 627, 24 Am. St. Rep. 544; Thornton, Oil & Gas, sec. 297; Archer, Oil & Gas, ch. 49, sec. 1.

The judgment of the lower court is therefore affirmed.

All the Justices concur.