**RAMEY et al. v. STEPHNEY et al.**

No. 8715—Opinion Filed May 21, 1918.

(173 Pac. 72.)

**1. Oil and Gas—Right to Prospect and Take Oil and Gas—Grant or Reservation.**

The right to go upon land for the purpose of prospecting and taking therefrom oil and gas is a proper subject of sale, and may be granted or reserved.

**2. Deeds—Construction—Intent of Grantor.**

A cardinal rule of construction is that a grant must be construed to effect the plain intent of the grantor, and if that intent is plain it controls, regardless of inconsistent clauses which are to be reconciled with the intent deduced from the entire instrument.

**3. Oil and Gas—Quitclaim Deed—Construction.**

A land company conveyed land reserving to it, its successors and assigns, nine-tenths of all oil, gas, and mineral in and under the surface of said land for 21 years, together with a full and free right to enter upon the said premises and use so much of the surface thereof as might be reasonably necessary for operating and drilling and marketing the production thereof. It thereafter by quitclaim deed conveyed to D. all of its right, title, and interest in the oil and gas in and under sand land for 21 years. Said quitclaim deed further recited: "This is intended to convey only nine-tenths of the oil and gas for 21 years, from March 29, 1912, which nine-tenths was reserved by the grantor." Held, that said recital did not limit the quitclaim deed to a simple conveyance of nine-tenths of the oil and gas in and under the land, but that said quitclaim deed conveyed all of the rights of

the grantor reserved in its warranty deed to nine-tenths of the oil and gas in; and under said land for 21 years, including the right to enter upon the land, prospect, drill, and take therefrom said oil and gas.

(Syllabus by Rummons, C.)

Error from District Court, Creek County: Ernest B. Hughes, Judge.

Action by E. T. Ramey and others against Annie Stephney and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Edwin R. McNeill, for plaintiff in error.

John G. Ellinghausen and Edwin A F. Inghausen, for defendants in error.

Opinion by RUMMONS, C. This was an action to quiet the title of plaintiffs in and to a certain tract of land in Creek county. It appears from the record that the Pioneer Land Company, from whom both plaintiffs and defendants deraign their title, conveyed the land in controversy by warranty deed to Miles W. Galland, the grantor of the plaintiffs. The deed contained the following reservation:

"However, reserving and excepting unto the grantor its successors and assigns, nine-tenths of all oil, gas and mineral in and under the surface of said land for 21 years. together with the full and free right to enter upon the said premises and use so much of the surface thereof as may be reasonably necessary for operating and drilling and mining and marketing the production thereof. This provision is a part of the consideration of this deed."

Thereafter the Pioneer Land Company executed a quit claim deed to the land in controversy to J. T. De Bois, under whom defendants claim. Said quitclaim deed so far as the same is material to the controversy here is as follows:

"The Pioneer Land Company, a corporation organized under the laws of the United States formerly in force in Indian Territory, in consideration of the sum of fifteen hundred dollars in hand paid, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, convey, and quitclaim unto J. T. De Bois all of its right, title, and interests in the oil and gas for 21 years from March 29, 1912, in and under the following described real property and premises * * *

"This is intended to convey only nine-tenths of the oil and gas for 21 years from March 29, 1912, which nine-tenths was reserved by the grantor in a deed to Miles W. Galland, dated March 29, 1912.

"To have and to hold the said described nine-tenths oil and gas unto the said grantees, heirs, and assigns."

The parties will be referred to herein as they appeared in the court below. Under this quitclaim deed the defendants claim to have the right to go upon said premises and drill and operate oil and gas wells during the 21-year period reserved in the warranty deed, and the plaintiffs seek to have said quitclaim deed held to be invalid and remove it as a cloud upon their title. It is not contended for plaintiffs that the reservation contained in the warranty deed is not effectual to reserve to the Pioneer Land Company the right to drill and operate oil and gas wells upon the premises and to extract and take therefrom nine-tenths of the oil and gas thereunder, but it is contended that the quitclaim deed from the Pioneer Land Company, under which defendants claim, is not effectual to convey the rights of the Pioneer Land Company to the defendants, and that, the Pioneer Land Company having appeared and filed its disclaimer, the plaintiffs should have had judgment quieting their title.

Counsel for plaintiffs insist that oil and gas, being wandering and vagrant in their nature, likely to escape or be withdrawn to other lands, are not subject to absolute ownership, and, before being found by drilling and operating wells, cannot be conveyed, and it is contended that the quitclaim deed here in controversy attempts only to convey nine-tenths of the oil and gas under the land in controversy, and not the right of the Pioneer Land Company to go upon said land and drill and operate wells thereon, and that, therefore, the defendants took nothing by the quitclaim deed. The trial court found against this contention of the plaintiffs, and we are satisfied that in so finding he did not err.

In Barker v. Campbell-Ratliff Land Co. et al, 64 Okla. 249, 167 Pac. 468, L. R. A. 1918A, 487. Mr. Justice Owen, who delivered the opinion of the court, says:

"Another cardinal rule of construction is that the grant must be construed to effect the plain intention of the grantor, and if that intention is plain it controls, regardless of inconsistent clauses which are to be reconciled by the intent deduced from the entire instrument. Gladys City Oil & Mfg. Co. v. Right of Way Co. (Tex. Civ. App.) 137 S. W. 171. In the instant case there was uncontradicted proof of development of oil in the vicinity of this land prior to the deed containing the exception of all mineral rights, and it was expressly understood between Campbell, of the land company, and Morgan, the original grantee, that the oil and gas rights were to be excepted."

In the case last cited the controversy was between the lessee of the grantor reserving

the mineral under a tract of land and the owner of the surface. The court there upheld the validity of the reservation, and held that the right to go upon the land for the purpose of prospecting and taking therefrom oil and gas is a proper subject of sale, saying:

"Under the weight of authority, the right to go upon the land for the purpose of prospecting and taking therefrom the oil and gas is a proper subject of sale, and may be granted or reserved. The title to the oil and gas becomes perfect, when discovered and reduced to actual posssession. The real subject of the exception and reservation in the deed here was the right to enter upon the land for the purpose of taking possession of the oil by mining and boring for the same."

It remains to be seen under the rule of construction laid down by this court as above quoted whether or not the right of the Pioneer Land Company to enter upon the premises and drill and operate for oil and gas under the reservation set forth in its warranty deed was conveyed to defendants by quitclaim deed. The granting clause of the quitclaim deed recites, "grants, bargains, sells, conveys, and quitclaims all of its right, title, and interest in the oil and gas for 21 years from March 29, 1912." This clearly conveyed all the right, title, and interest reserved to the grantor by the warranty deed. The provision contained in the quitclaim deed that it is intended to convey only nine-tenths of the oil and gas for 21 years is not in conflict with the granting clause, nor does it defeat its effect, since by its reservation in the warranty deed the grantor had reserved only nine-tenths of the oil and gas for a period of 21 years. It is apparent from the disclaimer filed by the Pioneer Land Company that it intended to convey all its interest in the said tract of land. To give to the quitclaim deed the construction contended for by plaintiffs would be to hold that the Pioneer Land Company undertook to convey, and its grantee to receive, nothing. A conveyance of the oil and gas without the right to prospect for and remove the same would be futile. To place a reasonable construction upon the entire instrument, it is apparent that the quitclaim deed conveys not only the nine-tenths of the oil and gas reserved by the Pioneer Land Company, but also the right to enter upon the premises to drill and operate oil and gas wells thereon.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.