### JANEWAY et al. v. WHITAKER.

No. 15495—Opinion Filed Dec. 23, 1924.

Rehearing Denied Feb. 3, 1925.

**1. Oil and Gas—Reservation of Rights in Warranty Deed and Subsequent Conveyance in Quitclaim Deed—Validity.**

L. conveyed a tract of land by warranty deed to W. and reserved "all the right to the oil and gas on said land," and thereafter conveyed all the right according to this reservation to the defendants by quitclaim deed. Held, that the reservation was for the oil and gas rights and the quitclaim deed conveyed the same to the defendants.

**2. Same—Champerty Statute Inapplicable.**

The champerty statute, section 1679, Comp. Stat. 1921, has no application to the conveyance of oil and gas rights.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Charles Whitaker against D. C. Janeway, A. D. Cochran, R. H. Ellison, and R. W. Vierson to cancel quitclaim deeds conveying all right to oil and gas on the land and to quiet title. Judgment for plaintiff, and defendants bring error. Reversed.

A. D. Cochran, R. H. Ellison, Turner, Turner, Harley & Parris, for plaintiffs in error.

Rainey & Flynn and Calvin Jones, for defendant in error.

Opinion by THREADGILL, C. The land in controversy is the E. ½ of the S. E.¼ and lots 6 and 9 of section 34, T. 11 N., R. 14 E., of McIntosh county. It was a part of the public domain of the Creek Nation, sold at public auction to Walter T. Fears. Fears and his wife sold and deeded the land October 21, 1912, to Homer P. Lee, and November 1, 1912 Homer P. Lee and his wife deeded the land to J. D. Aiken of Ft. Worth, Tex., and in this deed they made the following reservation: "First parties reserve all right to oil and gas on said lands." This deed was the basis for the claims of the respective parties to this action. The plaintiff claims that he bought the land by warranty deed from the grantees

of Homer P. Lee and without reservations of any character, and the defendants claim that said Homer P. Lee, joined by his wife, conveyed to C. Y. Audd and D. C. Janeway their oil and gas right reservation interest by quitclaim deed, the granting clause being as follows:

"Do hereby quitclaim, grant, bargain, sell and convey unto C. Y. Audd and D. C. Janeway and heirs and their assigns forever, all the right, title and interest to which said Homer P. Lee and Linnie W. Lee have in and to the oil and gas in and under said land by virtue of the reservation in said deed above referred to."

Thereafter C. Y. Audd sold and transferred his undivided one-half interest in said reservation to A. D. Cochran, R. H. Ellison, and R. W. Vierson, and at the time the action was commenced Audd had no interest and filed a disclaimer. The court gave judgment in favor of plaintiff canceling the conveyance based upon the oil and gas right reservation, on the ground that said reservation was a nullity and void, and quieting plaintiff's title, and defendants bring the case here for review, urging, in substance, that the evidence or facts as above stated do not sustain the judgment, that the court erred in overruling demurrer to plaintiff's evidence, and in holding that their title was champertous.

---

1. The important question to be determined is whether or not the reservation in the deed from Lee and his wife to Aiken reserved anything. The language in the deed seems to be, "First parties reserve all right to oil and gas on said land." The trial court took the view that this language applied only to the title of oil and gas in place and so construed it and based the judgment upon this construction, and if this is the meaning and proper construction to be placed upon the words of the reservation, the judgment is correct. Dunlap v. Pearl B. Jackson, 92 Okla. 246, 219 Pac. 314. But this construction does not seem to take into consideration the meaning of the words "all right." It is not the oil and gas reserved but "all right to the oil and gas." This court has consistently held in many cases that the only right that one can have and all the right one can have in oil and gas apart from the land itself, and a royalty interest, is the right to enter upon the land and explore for these substances, and this right is a chattel real and subject to sale and ownership. Ramey v. Stepheny, 70 Okla. 87, 173 Pac. 72; Barker v. Campbell-Ratcliff Land Co., 64 Okla. 249, 167 Pac. 468.

In the case of Rich v. Doneghey et al., 71 Okla. 204, 177 Pac. 86, discussing the question of the ownership of the oil and gas, the court uses this language:

"But with respect to such oil and gas they had certain rights designated by the same courts as a qualified ownership thereof but which may be more accurately stated as exclusive right, subject to legislative control against waste and the like, erect structures on the surface of their land, and explore therefore by drilling wells through the underlying strata, and to take therefrom and reduce to possession, and thus acquire absolute title as personal property to such as might be found and obtained thereby. This right is a proper subject of sale, and may be granted or reserved."

In the case of Smith v. Kerr, 100 Okla. 162, 228 Pac. 951, this court, in construing such a reservation in a contract for sale of land which was as follows:

"First party retains one-half of all oil and gas and mineral and rentals for a period of 20 years from the date of said deed; then and there same shall be null and void unless oil and gas is being found in paying quanties"

—uses this language:

"The exception or reservation expressed in the original contract between the parties gave to the defendant the same rights which a lessee would have had in an undivided one-half interest in the oil, gas and minerals, and this court has held in numerous cases, and the proposition is now settled in this state, that a grant of oil and gas is a grant of the right to explore for same and to a reasonable use of the surface of the land for such purpose. Under the decisions of this court the right of the defendant to explore for oil and gas under the exception clause of the contract was as clear, as definite, and as unquestionable as it could be under the exception clause in the deed."

The exception or reservation clause in the deed referred to, provided for the right to enter upon the land and use a reasonable part of the surface for the purpose of exploring and extracting oil and gas or minerals, and the court said:

"The only effect of the latter clause is to make definite and certain by express language in the clause itself, the right which the law would accord him under the language of the contract."

The court in support of its construction of the reservation expressed in the contract cites the rule laid down in Thornton on Oil and Gas (3d. Ed.) page 496, as follows:

"In case of either a reservation or an exception, the grantor has a right to enter on the surface, with all the usual necessary appliances, to remove the mineral, without an express authority reserved to that effect."

In the case of Dill v. Rockwell et al., 94 Okla. 25, 220 Pac. 620, the court lays down this rule:

"A reservation of the oil and gas rights in the deed to the property conveyed is valid and entitles the grantor, when oil or gas is produced, to the oil and gas rights so reserved."

The deed in this case contained the following reservation:

"Excepting all rights in the oil and gas within and under the said described land, which rights in the oil and gas are reserved to the parties of the first part."

The court in effect held that the reservation was not the oil and gas themselves, but the right pertaining to these substances, whether a royalty or rental right under a lease, or the right to enter upon and search for oil and gas and extract same from their places in the earth.

Under these authorities and many others, not necessary to be cited here, we must hold that the reservation recited in the deed in the instant case was sufficient to reserve and convey to another the oil and gas rights on, in or under the land involved.

2. Plaintiff raises the question of champerty in the trial court, and contends that the quitclaim deed dated January 1, 1922, conveying the reserved right to the oil and gas from Lee and his wife to C. Y. Audd and D. C. Janeway was champertous, since the grantees had not been in possession or taken rents or profits from the land "for years." Section 1679, Comp. Stats. 1921. It does not appear that the judgment of the court was based upon this contention, or that the court gave it any consideration.

In view of the construction above given of the reservation upon which the quitclaim deed was based, and the holding of the court in Barker v. Campbell-Ratcliff, 64 Okla. 249, 167 Pac. 470, we do not think the champerty statute applies to a conveyance of this character.

We, therefore, recommend that the cause be reversed for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 685; (2) 11 C. J. p. 262, § 68.