## MORGAN et al. v. McGEE et al.

No. 13363—Opinion Filed March 9, 1926.

Rehearing Denied April 20, 1926.

**1. Quieting Title—Actual Possession Necessary to Maintain Action—Statute.**

In a statutory action to quiet title to real property, constructive possession alone is insufficient, but there must be actual possession by plaintiff in person or by tenant, under Comp. Stat. 1921, sec. 466.

**2. Same—Oil and Gas in Place—Equity—No Relief Without Legal Right.**

In an action to quiet title under a deed purporting to convey oil and gas in place equity will not create rights where none exist in law merely to apply a remedy. Oil and gas in place, not being subject to ownership distinct and separate from the fee estate in the land, the grantee in such a deed has no implied easement in the surface of the land where no precedent interest in the fee, or agreement to develop the oil and gas, supports the privilege as an incident to the right claimed under the deed, because by statutory provision (Comp. Stat. 1921, secs. 8431, 8433) an easement can be created only by the owner of the servient tenement, and its existence and extent must be determined by the terms of the grant.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okfuskee County; C. C. Smith, Assigned Judge.

Action by S. R. Morgan against Addie McGee and others to quiet his title to oil and gas. From an order sustaining a demurrer to plaintiff's evidence, he brings error. From a like order sustaining a demurrer to the evidence of the defendant G. E. Mittendorf, interposed by her codefendants, said defendant, G. E. Mittendorf brings error. Affirmed.

S. R. Morgan originally commenced this action in the district court of Okfuskee county against Addie McGee, O. M. McGee, L. G. DeBois. J. N. Jones, A. A. Hatch. R. J. Dixon, and C. O. Dixon, as defendants. to quiet his title to oil and gas alleged to be in and under certain premises described in his petition. By various motions and orders

thereafter made, others were made parties defendants, these new parties being the Texas Company, a corporation, Atlantic Oil Producing Company, a corporation, A. E. Graham, Tommy Hopson, Jack Hopson, Sallie Hopson, Willie Hopson, G. E. Mittendorf, W. B. Hudson, and M. G. Clark.

Plaintiff's petition was in the nature of an action to quiet title, and alleged in substance that on October 8, 1912, R. J. Dixon and C. O. Dixon, his wife, were the owners in fee simple and in possession of a certain tract of land therein described, and that on said date they executed and delivered to G. E. Mittendorf their warranty deed in statutory form, which warranty deed in its granting clause recited:

"Do hereby grant, bargain, sell, and convey unto G. E. Mittendorf the following described property and premises situated in Okfuskee county, to wit: All the petroleum oil and natural gas and other minerals on and under the surface of the south half of the southwest quarter of section 35, township 11, range 11 east."

That G. E. Mittendorf on February 28, 1914, conveyed to plaintiff by warranty deed all of her interest in and to said petroleum oil, gas, and other minerals, as recited in the original deed from the Dixons to Mittendorf; that thereafter said R. J. Dixon and C. O. Dixon sold and conveyed the surface of the above described premises, and by mesne conveyances title to the same is vested in Addie McGee and O. M. McGee, who are now in possession thereof and are asserting ownership over said petroleum oil, gas and other minerals in and under said land; plaintiff further alleged that the other defendants are asserting some claim, right or interest in and to petroleum oil, gas and other minerals. the exact nature of which is to plaintiff unknown, but that such claims constitute clouds upon the title and rights of plaintiff, and plaintiff prays that a decree be entered establishing and quieting his title in and to said petroleum oil, gas and other minerals in and under the surface of said lands and that defendants be decreed to have no interest therein.

After all of the parties defendant above named had been brought in: and after the issues had been made up by appropriate pleadings, the cause was tried to the court. At the conclusion of plaintiff's evidence demurrers were interposed thereto. which were by the court sustained and exception reserved. Thereupon the defendant G. E. Mittendorf introduced her evidence under her answer and cross-petition, and at the conclusion of her evidence demurrers were

interposed thereto by her codefendants, which were by the court sustained and exception reserved. Plaintiff, Morgan, and defendant Mittendorf have each filed petitions in error, both petitions being attached to the original case-made, and both plaintiffs in error have joined in the filing of a joint brief in support of their contentions for reversal of the case.

T. H. Wren and Phillips, Douglas & Duling, for plaintiffs in error.

A. A. Hatch, for defendants in error.

Opinion by LOGSDON, C. In their printed briefs plaintiffs in error rely upon one proposition, which is that the trial court erred as a matter of law in holding that the deed of October 8, 1912, from the Dixons to Mittendorf was ineffectual and conveyed nothing. Upon this proposition is based the further contention that the trial court erred in sustaining the demurrers to the evidence of plaintiff Morgan, and of the defendant Mittendorf.

By the very nature of the action alleged in Morgan's petition and in Mittendorf's cross-petition, the subject-matter of the action must be real property. That ejectment could not be maintained upon the character of title asserted by petitioner and cross-petitioner is thoroughly settled in this state. Kolachny v. Galbreath, 26 Okla. 772, 110 Pac. 902; Frank Oil Co. v. Belleview Gas & Oil Co. et al., 29 Okla. 719, 119 Pac. 260; Duff et al. v. Keaton et al., 33 Okla. 92, 124 Pac. 291; Hill Oil & Gas Co. v. White et al., 53 Okla. 748, 157 Pac. 710; Rich v. Doneghey, 71 Okla. 204, 177 Pac. 87. Granting, for the sake of argument merely, that the deed here involved was effectual to create an estate in oil and gas in place distinct from the fee in the land, were the allegations and proof of plaintiff and cross-petitioner sufficient to establish a statutory right of action in either? Comp. Stat. 1921, section 466, in so far as its provisions are material to this inquiry, reads:

"An action may be brought by any person in possession, by himself or tenant, or real property against any person who claims an estate or any interest therein adverse to him for the purpose of determining such adverse estate or interest. * * *"

In plaintiff's original and amended petitions he alleged himself to be the legal and equitable owner of the oil and gas, and that he was in constructive possession thereof. In the cross-petitions of Mittendorf she alleged legal and equitable title in herself, and that she was in actual possession. The testimony to sustain these allegations wholly failed to establish any actual possession at any time by either of these parties, by tenants or otherwise, while the testimony as to the delivery of the deed, on which both relied, as a deed, was exceedingly weak and inconclusive. In an early case the construction of section 466, supra, by the Supreme Court of Kansas was adopted as the correct rule in this state, and this holding has been consistently adhered to. In Christy v. Springs, 11 Okla. 710, 69 Pac. 864, after citing Kansas cases, the court said:

"The section quoted is not intended to give the right to bring an action to quiet title, for that existed previously, but to authorize an additional remedy to quiet the possession, and of necessity, such possession must be an actual one. Constructively, the owner of land is as much in possession where it is occupied by his tenant as when occupied by himself. If the possession mentioned in this section is a mere constructive one, then the words 'or tenant' have no significance; but by giving the word 'possession' its primary and legal meaning, the words 'or tenant' become important, and authorize the action upon the possession by tenant. The defendant had not the actual possession necessary to entitle her to maintain the action under the section quoted. However, independent of the statute, an action to quiet title may be maintained by the holder of the legal title where he is not in possession, if the premises be vacant and unoccupied."

It being clear that no statutory right of action was established in either of the plaintiffs in error, the right of either or both to recover independently of the statute must depend upon the application of equitable principles to the facts shown. Equity will not suffer a legal right to be denied or impaired for want of a remedy; but it will not recognize and protect a claim which the law does not recognize as a right. This leads to the sequent and determinative question in this case: Did the deed here involved create a legal right? The trial court held that it did not.

To reverse this holding of the trial court, and to authorize this court to hold that the deed in question was effectual to create legal rights which equity will enforce, plaintiffs in error have cited a formidable array of decisions by courts of other jurisdictions, but none from this court. An examination of these foreign citations has involved considerable time and effort, but it has been carefully done. Two of them involve merely a question of estoppel. Williamson et al. v. Jones et al. (W. Va.) 19 S. E. 436; (second appeal) 27 S. E. 411. Four of them involve the power of a guardian to execute

an oil and gas lease without order of court. South Penn. Oil Co. v. McIntyre (W. Va.) 28 S. E. 922; Wilson et al. v. Youst et al. (W. Va.) 28 S. E. 781; Appeal of Stoughton, 88 Pa. St. 198; Haskell et al. v. Sutton et al. (W. Va.) 44 S. E. 533. One involves the power of an executor under a will. Lanyon Zinc Co. v. Freeman et al. (Kan.) 75 Pac. 995. Another involves a question of res adjudicata in an action to recover oil in storage. Hughes v. United Pipe Lines (N. Y.) 23 N. E. 1042. Another group determined rights to injunctive relief to prevent waste. Freer et al. v. Davis et al. (W. Va.) 43 S. E. 164; Moore et al. v. Jennings et al. (W. Va.) 34 S. E. 793; Westmoreland & Cambria Nat. Gas Co. v. DeWitt et al. (Pa) 18 Atl. 724. Others determine the rights of life tenants in the proceeds of oil and gas leases. Blakely et al. v. Marshall (Pa.) 34 Atl. 564; Marshall v. Mellon et al. (Pa.) 36 Atl. 201. One case determines that a lessee of the surface has no right to take oil (Isom v. Rex Crude Oil Co. et al. [Cal.] 82 Pac. 317), while another holds that a deed conveying "coal, iron and other valuable minerals" in place does not convey oil and gas. Detlor et al. v. Holland (Ohio) 49 N. E. 690. Still others determine the meaning and effect of oil and gas mining leases. Bettman et al. v. Harness et al. (W. Va.) 26 S. E. 271; Duffield v. Hue et al. (Pa.) 20 Atl. 526.

Among the many authorities cited by plaintiffs in error, those most nearly affording support to their contentions are cases in which courts have determined the effect of reservations or exceptions of oil and gas expressed in conveyances of the fee. Of this class of cases are Preston et al. v. White et al. (W. Va.) 50 S. E. 236; Sult v. A. Hochstetter Oil Co. et al. (W. Va.) 61 S. E. 307; Murray v. Allred (Tenn.) 66 Am. St. Rep. 740. These and other cases of similar import, and text-writers as well, base the title and ownership created by the exceptions upon the precedent unqualified ownership of the fee, which extends to things beneath as well as on the surface, and comprehends the exclusive right of the owner against all the world to use the surface for the purpose of extracting the minerals beneath it. When the owner of this unqualified fee conveys the same by deed, excepting the minerals, he is merely conveying a part of his inheritable estate, and burdening the surface with an easement or servitude for his benefit in the enjoyment and use of the part retained. This easement or servitude is recognized by the grantee when he accepts the conveyance with the exception. This has long been recognized as the law in this state. Barker v.

Campbell-Ratcliff Land Co., 64 Okla. 249, 167 Pac. 468; Ramey v. Stephney, 70 Okla. 87, 173 Pac. 72. As equity will not permit a right to fail for want of a remedy to enforce it, if such an exception of oil and gas in a conveyance fails to provide for entry upon the land, in order to enjoy the use of the part retained, equity will, by reason of the precedent unqualified ownership of the fee, imply such a privilege as an incident to the right retained. Thornton on Oil and Gas (3rd Ed.) p. 496; Kiser v. McLean (W. Va.) 67 S. E. 725; Smith v. Kerr, 100 Okla. 162, 228 Pac. 951.

But the claims of plaintiffs in error under the deed in the instant case are easily differentiated from the rights of fee owners under an exception in a deed. Prior to the execution of the deed from the Dixons to Mittendorf, she had no claim, interest, or title of any kind or character to the fee in the land. She owned nothing either on or beneath the surface. When she took the deed to "all the petroleum oil and natural gas and other minerals," they were in place, or fugitive, because there had been no development. She did not agree to develop. She took this deed with presumptive full knowledge of the law of this state, repeatedly announced by this court, that oil and gas in place, unlike solid minerals, are not the subject of ownership distinct and separate from the soil. Kolachny v. Galbreath, supra; Frank Oil Co. v. Belleview Gas & Oil Co., et al., supra; Duff et al. v. Keaton et al., supra; Hill Oil & Gas Co. v. White, supra. Yet she took and was granted no surface right, no easement or servitude, no privilege of ingress and egress to develop and extract them. She had no precedent title or interest in the fee to support by implied inclusion in her deed this privilege without which her claim to the oil and gas could not be successfully asserted. Since no precedent title in the fee, nor any agreement on her part to develop, supports an implied easement in her behalf under her deed, equity will not contravene positive law by now implying such a condition. Comp. Stat. 1921, sec. 8431, provides:

"A servitude can be created only by one who has a vested estate in the servient tenement."

Section 8433, Id., so far as material here, provides:

"The extent of a servitude is determined by the terms of the grant. * * *"

The Dixons granted no easement. Mittendorf could acquire none except through them. In other words, she acquired no right which the law recognizes. Because the law recog-

nizes no such right, equity will not imply an easement in order to afford a remedy for the enforcement of the illegal claim.

Upon the trial Mittendorf's testimony developed that the consideration for the deed in question was the cancellation of a pre-existing indebtedness against the Dixons in the sum of $135. Several months later she offered to return the deed to them before it was placed of record for a payment of $50 on the $125 indebtedness. This rendered very inconclusive Mittendorf's other testimony that the deed was intended as a conveyance and not as a mortgage.

For the reasons herein stated, the orders of the trial court sustaining the separate demurrers to the evidence of both Morgan and Mittendorf are sustained, and the decree thereupon rendered by the trial court is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 1335; anno. 46 L. R. A. (N. S.) 502; 5 R. C. L. p. 650. (2) 19 C. J. pp. 905, 908 § 90; 27 Cyc. p. 681; 32 Cyc. p. 1328.