## AMERICAN INVESTMENT CO. et al. v. DAVENPORT.

No. 20502.   Opinion Filed Sept. 22, 1931.

George Trice and Denver N. Davison, for plaintiffs in error.

L. H. Harrell, Robert S. Kerr, and A. M. Kerr, for defendant in error.

KORNEGAY, J.   This is a proceeding in error brought here by case-made from the judgment of the district court of Pontotoc county, the Honorable Orel Busby being the trial judge.   We have read the entire record, and it appears that this cause originated by the present defendant in error, T. A. Davenport, filing a petition in said court on the 6th day of September, 1928, against the American Investment Company, F. D. Waldie, and Elmer Wann, for the purpose of having his interest declared in the oil and gas, coal, and other minerals in the west half of the southeast quarter of the northeast quarter of section 25, township 5

north, range 4 east, the plaintiff claiming the right to such minerals for a period of 50 years, in accordance with a warranty deed by himself to J. V. Staats, and a conveyance by Staats to him of these minerals for that length of time, and free from any claims of the defendants.

After service of summons, the defendants interposed a demurrer through their attorneys, Trice and Davison. The demurrer was overruled on the 17th of October, 1928, it being a general demurrer, and the defendants excepted. The American Investment Company filed a separate answer, which was a general denial, unverified. F. D. Waldie filed a separate answer consisting of a general denial, and claiming a right to the minerals in the land, and that since the 25th of February, 1925, she had been in possession of the land, using, owning, and occupying the same. She further characterized the instrument under which the claimant was claiming as an oil and gas lease, and said it was a cloud on her title, and that the plaintiff had made no effort to develop the property during the time that his conveyance had been on record, and she asks to have title quieted in herself.

The case was tried by the judge, opening statements being made by the respective parties, and it being admitted that all parties would look upon Davenport as being the common source of title as of August 17, 1918. The various contentions were stated to the court, and the contention of the defendants was that the defendants had title under a warranty deed, and that there was no reservation of the mineral rights, and no development had been attempted, and that the instrument was a 50-year lease, and that it was invalid.

The affidavit of Mr. Staats, the former owner of the property, was introduced in evidence by consent, and a warranty deed by the plaintiff below conveying the southeast quarter of the northeast quarter of section 25, township 5 north, range 4 east, to J. B. Staats, which was placed on record on the 9th of October, 1918. A form of oil and gas lease dated on the 17th of August, 1918, by J. B. Staats and Artie Staats, husband and wife, to T. A. Davenport, was also introduced in evidence and printed on a regular form, with some parts of it stricken out, and the exact form of which appears on page 29B. The tract of land is described as the west half of the southeast quarter of the northeast quarter, and there is written into the instrument, right after the description of the land conveyed, the following:

"(It is expressly understood and agreed that the said T. A. Davenport retains and keeps all oil, gas, coal, or any other mineral product which may be found or hereinafter be found on the above-described premises for a period of fifty (50) years from the date hereof, and no rentals shall be paid for that period.)"

This instrument was acknowledged on the 28th of August, 1918, and it was recorded on the 21st of November, 1918.

The testimony of Staats, as embodied in his affidavit, taken in lieu of a formal deposition, was to the effect that he never bought the mineral on the west half of the southeast quarter of the northeast quarter, and that what purported to be an oil and gas lease was the instrument executed to evidence the reservation.

The plaintiff himself testified, under objections, that, to start with, they were to each one take half of the royalty on the entire 40 acres, but that they changed it so that he reserved the mineral rights on the 20 acres in controversy for 50 years, all being one transaction, and that he got a man by the name of Corvin, a real estate man, that he thought knew something about it, to draw up the papers. That he had leased it out at one time to Mr. H. A. Sibley, but that his lease had expired, and he started to make another one and found the warranty deed to defendant, and that the American Investment Company, in its suit, had foreclosed the mortgage of a subsequent grantee of Staats, and had dismissed the suit as to him. The dismissal was shown of record.

The journal entry of the foreclosure can be found on page 38 of the case-made. Also the sheriff's deed to the American Investment Company is found in the record, and the conveyance by the American Investment Company to the defendant Waldie, and also the mortgage from Staats' grantee to the American Investment Company. Also the deed from Staats and wife to the mortgagor, Pierce. The deed to Waldie is dated February 25, 1926.

The journal entry of judgment, entered in this case, can be found on page 44 of the record, and it recites the various instruments, and finds that the instrument denominated an oil and gas lease was really not an oil and gas lease, but it was an instrument reserving title to the mineral rights in T. A. Davenport, the instruments being separate, but embodying one contract. It decrees that the mineral rights to the 20 acres should be quieted in the defendant in

error, Davenport, for 50 years from the 17th of August, 1918. It further decreed that he had a right of ingress and egress to extract the mineral. As to form, it was approved by the attorneys for the plaintiffs in error, followed by a motion for a new trial, which was overruled, and the case-made was brought here, with assignments of error.

Points relied on for reversal are based upon the proposition as to whether the plaintiff can maintain suit, and whether or not the law would warrant the court in holding the instrument under which the plaintiff claims valid, and whether or not its terms and conditions could be varied by reference to a contemporaneous oral agreement. The case of Morgan v. McGee, 117 Okla. 212, 245 P. 888, is cited as authority for the position that the plaintiff could not maintain the action. The case of Hitt v. Henderson, 112 Okla. 196, 240 P. 745, is cited for the purpose of establishing the diligence that would be required in an oil and gas lease, and Rich v. Doneghey, 71 Okla. 204, 177 P. 86, and McKee v. Thornton, 79 Okla. 138, 192 P. 212, and New State Oil & Gas Co. v. Dunn, 75 Okla. 141, 182 P. 514, and Federal Oil Co. v. Western Oil Co., 112 Fed. 373, and Hill Oil & Gas Co. v. White, 53 Okla. 748, 157 P. 710, and Cotner v. Mundy, 92 Okla. 268, 219 P. 321, and Chandler v. French, 73 W. Va. 658, 81 S. E. 825, and Donaldson v. Josey Oil Co., 106 Okla. 11, 232 P. 821, are cited as to the necessity of diligence in operation; and as to an implied covenant to drill: Ind. O. G. & D. Co. v. McCrory, 42 Okla. 136, 140 P. 610, and Brewster v. Lanyon Zinc Co., 140 Fed. 801, are cited. Some other cases are cited to show that an ordinary lease does not vest anything more than a right of exploration. Black on Rescission and Cancellation is also cited. The contention is made that oral agreements made between Staats and Davenport are not chargeable to the plaintiffs in error, Waldie and the American Investment Company. Fox Petroleum Co. v. Booker, 123 Okla. 276, 253 P. 33, and Chi-Okla Oil & Gas Co. v. Shertzer, 105 Okla. 111, 231 P. 877, are cited in this connection.

The contention is made that there was error in letting in proof made by the parties as to what the real intention was. The reasons assigned by the court are discussed at page 27, one being that the court found that it was the intention to reserve the mineral rights for 50 years, the other being that there were written the words "to reserve all the oil and gas." That would put the purchaser on inquiry. It is urged that the cases of Chi-Okla Oil & Gas Co. v. Shertzer, 105 Okla. 111, 231 P. 877, and Fox Petroleum Co. v. Booker, 123 Okla. 276, 253 P. 33, are decisive upon this point.

In opposition it is claimed that there is nothing to the position about being in possession, as applied to mineral rights that are granted, subject to the rights of the landowner to occupy the surface. The argument is made that the warranty deed and the instrument denominated an oil and gas lease were but one instrument; and that the rule of construction of contracts is to get the intent of parties, and that the interest of Davenport is the ownership of the mineral rights, not an oil and gas lease. The case of Nelson v. Golden, 84 Okla. 29, 202 P. 308, is cited for the position that under section 5045, C. O. S. 1921, all the instruments must be taken together.

The challenge is made that the case of Morgan v. McGee, 117 Okla. 212, 245 P. 888, does not sustain the contention of the plaintiffs in error, and quotations are made from the opinion, which cites the case of Barker v. Campbell-Ratcliff Land Co., 64 Okla. 249, 167 P. 468, and Ramey v. Stephney, 70 Okla. 87, 173 P. 72, to the effect that equity will not permit a right to fail for want of a remedy to enforce it, and will decree the right of ingress and egress if minerals are reserved. Janeway v. Whittaker, 106 Okla. 83, 233 P. 197, is cited. Under the proposition of the intent of the parties being the watchword of the court in construing a contract, is cited the case of Ramey v. Stephney, 70 Okla. 87, 173 P. 72, and the third proposition is made that Davenport owns the oil and gas.

Unquestionably, it was the intention to vest the ownership in Davenport of the oil and gas on this 20 acres for a period of 50 years, which would carry with it the right of ingress and egress to extract the oil during said time. Section 5054, C. O. S. 1921, on the subject of interpretation, is as follows:

"Sec. 5054. Written and original parts control. Where a contract is partly written and partly printed, or where part of it is written or printed under the special directions of the parties, and with a special view to their intention, and the remainder is copied from a form originally prepared without special reference to the particular parties and particular contract in question, the written parts control the printed parts, and the parts which are purely original control those which are copied from a form. And if the

two are absolutely repugnant, the latter must be so far disregarded."

In the case of West v. Tilley, 57 Okla. 315, 157 P. 283, there were written provisions in the contract and printed provisions. The court held that in a case of that kind, if there be repugnancy, the written provision must prevail. As applied to this case, the written provision is clear that a reservation of the oil and gas is made by the plaintiff below. It is clear, therefore, that the instrument should not be held to be an oil and gas lease, but a reservation of the mineral rights for the term of 50 years.

Such being the case, under decisions of this court construing cases of that kind, the plaintiff was as much in actual possession of the minerals as in contemplation of the parties he was to be, under the terms of the contract, till he entered for the purpose of extracting the oil and gas, and when the defendants disputed his right to do so, ne had a right to go into court, and to have those rights established, our Constitution prescribing that the court should be open for the redress of any wrong. Clearly, under the reservation, it was immaterial at what time, within the 50-year period, the owner of the oil and gas desired to enter upon the land and to extract the mineral. The parties made their own contracts; the mortgage company took the mortgage while the contract was on record. It voluntarily dismissed as against the claim for the oil and gas. It bought the property, then deeded it to its codefendant below, Waldie, one of the plaintiffs in error.

The lower court did not err in decreeing as it did, and we do not think that the court erred in allowing the testimony that was introduced to explain the circumstances connected with the making of the instrument. Giving full force to the language of the reservation, which was in writing, we hold that the court committed no error, either in the admission of the testimony or in making the final decree. Its action is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. ANDREWS, J., absent.

Note.—See under (2) Annotation in L. R. A. 1916D, 1072; 6 R. C. L. 847; R. C. L. Perm. Supp. p. 1838; R. C. L. Pocket Part, title Contracts, § 237.