**WRIGHT et al. v. CARTER OIL CO. et al.**

No. 11346—Opinion Filed July 31, 1923.

**1. Oil and Gas—Nature of Property Rights.**

Oil and gas belong to the owner of the land and are a part of it so long as they are on it, or in it, and subject to his control, but when they escape and go into others land or come under another's control through the natural reservoir, the title of the former owner is gone. In other words, property in the oil and gas does not become absolute until they are reduced to actual possession by being brought to the surface and then controlled. The right to reduce oil and gas to possession is a valuable property right.

**2. Same—Conveyance of Interest by Landowner—Validity.**

A conveyance made by the fee owner of an undivided one-half interest in and to all of the mineral rights, including oil, natural gas, and petroleum, with the right and privilege to the grantor and grantee or either of them, to go upon the land and explore, operate, drill, and mine for oil and gas and other minerals, and to sell the product thereof, and divide the same or the proceeds thereof, as their interests may appear, is a valid conveyance of an undivided one-half interest in the property right of the owner, defined in the first paragraph hereof.

**3. Same—"Bonus, Rentals, and Royalty."**

Bonus, rentals, and royalty are income from the use of the mineral resources of the land.

**4. Same—Conveyance of Mineral Interest by Owners of Land Already Leased—Rights Conveyed.**

A conveyance by the fee owner of the character set forth in paragraph two, supra, subject to a subsisting oil and gas lease, entitles the grantee to receive his proportionate share of rentals subsequently accruing under said lease.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the Carter Oil Company against James A. Tucker, Frank V. Wright, and others. From an adverse judgment, Wright and others bring error. Reversed and remanded.

Pearson & Baird, for plaintiffs in error.

E. H. Bond, H. Grady Ross, and Womack & Brown, for defendants in error.

Opinion by LYONS, C. The Carter Oil Company brought an action in the district court of Stephens county in the nature of a "stakeholder's suit" to determine the proper parties to whom rentals due under its oil and gas lease should be paid. The oil company's lease was executed by Nancy Tucker and J. A. Tucker, who are parties to this action. Subsequent to the execution of the oil and gas mining lease said Nancy Tucker and J. A. Tucker made a conveyance under which the other defendants claim an undivided one-half interest in the rentals accruing under said oil and gas lease. The conveyance is in words and figures as follows:

"State of Oklahoma, Stephens County, ss.: Know All Men by These Presents: That Nancy Tucker and J. A. Tucker, wife and husband, parties of the first part, in consideration of the sum of $15,000 in hand paid, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, and convey unto Frank V. Wright the following described property, to wit:

"An undivided one-half (½) of section twenty-seven (27) township one (1) south, range nine (9), west I. M., in Stephens county, Oklahoma, with the right and privilege to the grantor and grantee or either of them, to go upon said land and explore, operate, drill and mine for oil and gas and other minerals and to sell the products thereof and divide the same or the proceeds thereof as their interest appears and as provided herein.

"It is expressly understood, however, that this grant is subject to a certain oil and gas lease now on said premises dated April 6, 1917, made and executed by the grantors to the Carter Oil Company, a corporation.

"Signed and delivered this the 18th day of March, 1918.

her<br>
"Nancy X Tucker<br>
mark<br>
"J. A. Tucker.

"Witnesses:

"J. W. Whisenant, witness to mark of Nancy Tucker who cannot sign her name and whose name was signed by me in her presence and at her request.

"E. H. Bond."

It is the contention of the grantors in this deed, Nancy Tucker and J. A. Tucker, that they are entitled to receive the entire

rentals (commutation money for delay in drilling).

It is the contention of the grantee in said conveyance and those holding under him that they are entitled to receive one-half of said rentals.

The learned trial court held that Nancy Tucker and J. A. Tucker were entitled to the entire amount of said rentals and that no interest in the same or any right to any part of the same, passed by the conveyance designated a mineral deed above set out.

We are unable to agree with the conclusion of the learned trial court. It is not necessary to determine in detail the exact nature of the so-called "mineral deed." Certain principles relative to oil and gas rights which are well settled are:

First: That oil and gas are fugacious in their nature.

Second: That oil and gas belong to the owner of the land and are a part of it so long as they are on it or in it, or subject to his control; but when they escape and go into other land, or come under another's control, the title of the former owner is gone. In other words, property in the oil and gas does not become absolute until they are reduced to actual possession by being brought to the surface and then controlled.

Third: The right to reduce oil or gas to possession is a valuable property right.

Rich v. Doneghey et al., 71 Oklahoma, 177 Pac. 86. Ramey v. Stephney, 70 Oklahoma, 173 Pac. 72; Kimbley v. Luckey, 72 Oklahoma, 179 Pac. 928.

There is nothing in these well-recognized principles of the law of oil and gas which prohibits the making of a conveyance such as the so-called mineral deed which is the subject of construction in this action. It does not pass title to the oil and gas in place, but it does convey an undivided interest in the property of the owner of the fee in and to the oil and gas rights, subject only to a subsisting oil and gas lease. Ohio Oil Company v. Indiana, 20 Sup. Ct. Rep. 576, 177 U. S. 212, 44 L. Ed. 740; Ramey v. Stephney, supra; Kimbley v. Luckey, supra; Barker v. Campbell-Ratcliff Land Co., 64 Okla. 249, 167 Pac. 468.

Unquestionably the oil and gas lessee had the paramount right to go on the premises and explore for oil and gas. It is equally certain that if oil and gas were discovered the royalties accruing therefrom would belong in equal parts to Nancy Tucker and J. A. Tucker on the one hand, and to the holders of the undivided one-half interest in the oil, natural gas, and petroleum on the other.

In the event the oil and gas mining lease lapsed, Nancy Tucker and J. A. Tucker on the one hand and the grantees of an undivided one-half interest in the mineral rights, including oil, natural gas, and petroleum, would each have the right to explore for oil and gas. The proceeds of any producing wells would be divided between the grantors and grantee. It is clear, therefore, that the reference to the oil and gas mining lease in the so-called deed is a saving clause and is not a reservation of any of the benefits accruing thereunder in favor of Nancy Tucker and J. A. Tucker, as against the grantees in the mineral deed.

In legal effect the bonus, rentals, and royalty accruing under said oil and gas lease are income from mineral resources. The Supreme Court of the United States has held that the bonus or down payment received by landowners at the making of a lease is to be treated as a royalty, for the reason that it is income from the use of the mineral resources of the lands.

"The bonus which was the result of bidding for desirable and profitable oil and gas leases, secured for the members of the Osage Tribe the just value of the use of their property which the fixing of royalties in advance by the President was not adapted to give them. It was, in effect, a supplement to the royalties already determined. It was really part of the royalty or rental in a lump sum or down payment. We do not see how it can be classified as anything else. It was income from the use of the mineral resources of the land. Of course, it involved a consumption and reduction of the mineral value of the land, but so does a royalty. This is an inevitable characteristic of income from the product of the mine." Work v. United States ex rel. Mosier (U. S.) 67 L. Ed. 427 (advance sheets).

We think that in this case the rentals (commutation money for delay in drilling) are clearly income from the use of the mineral resources of the land. The conveyance above set forth conveys an undivided one-half interest in said mineral resources, including oil, gas, and petroleum, and therefore conveys the right to an undivided one-half interest in the rentals accruing under the subsisting oil and gas mining lease.

The judgment of the district court is reversed, with directions to grant a new trial and proceed in conformity with this opinion.

By the Court: It is so ordered.