McCOMAS et al. v. AMSDEN LBR. CO. et al.

No. 18532.   Opinion Filed Dec. 18, 1928.

John S. Burger and Tom Wiley, for plaintiffs in error.

J. E. Curran and S. H. King, for defendants in error.

HEFNER, J. This action was begun in district court of Kay county by the Amsden Lumber Company, plaintiff, against M. F. McComas, Security State Bank of Blackwell, and others, defendants, to foreclose a materialman's lien on certain property in Blackwell for the purpose of collecting $89.75. Thereafter certain of the parties filed disclaimers and additional parties were made defendants. The Security National Bank of Blackwell, hereinafter called plaintiff, filed an answer and cross-petition and for cause of action against M. F. McComas and Bessie McComas, hereinafter called defendants, alleged that on the 12th day of November, 1920, the defendants executed and delivered to the Security State Bank of Blackwell their promissory note in the principal sum of $3.185 and at the same time, for the purpose of securing the note, the defendants executed and delivered to the said bank a real estate mortgage covering certain lands in Blackwell, and that said note and mortgage were thereafter assigned to the plaintiff.

In their answer the defendants admitted the execution of the note and mortgage, and alleged that on the 15th day of July, 1919, the Security State Bank was a banking corporation and since said date said bank had been nationalized and was doing business as a national bank, and that the stockholders and officers of the Security National Bank were the same as they were in the Security State Bank; that they entered into an oral contract with the Security State Bank whereby the bank agreed to lend the defendants sufficient money to finance them in carrying on an automobile business in Blackwell, Okla., on condition that the defendants would pay the bank 10 per cent. interest on the money loaned and, in addition thereto, would pay to the cashier the sum of $100 out of the profits of the sale of each car, and by reason of the sale of said cars the Security National Bank was liable to the defendants for twice the amount of money paid under the usurious contract, in the sum of $7,775. The defendants further alleged that, as a part of the same transaction and in furtherance of their dealings with the Security State Bank, which is the same institution as the Security National Bank, they turned over to, and the bank received, certain automobiles and trucks and by reason thereof the plaintiff was liable to the defendants in the sum of $22,575; and the defendants further state that all the transactions between plaintiff and defendants were a part and parcel of the same transaction and were all had and done in the carrying out of a general plan and scheme between the plaintiff and defendants, and that the defendants are entitled to offset the same against any sums from them on the note and mortgage sued on by the plaintiff; that, after allowing the deduction for the amount due on the note, the plaintiff still was indebted to the defendants in the sum of $19,625.

To this answer the plaintiff filed no preliminary pleading in the nature of a motion or demurrer, but filed a reply wherein it denied all the allegations in the answer and cross-petition of the defendants.

All of the matters involved in this action between all of the parties thereto except the plaintiff and defendants herein were disposed of before the case came on for trial in the lower court.

Upon the issues thus made up, the action came on for trial, and at the beginning of the trial the court held the burden of proof was on the defendants. At the close of the testimony of the defendants, the plaintiff demurred to the evidence of the cross-petitioners, the defendants, on the ground and for the reason that the evidence disclosed the claims which were set up an an offset and counterclaim were not proper set-offs and counterclaims as against the interpleader, the Security National Bank and designated herein as plaintiff. The demurrer to the defendants' evidence was sustained, and the court directed the jury to return a verdict in favor of the plaintiff.

The defendants contend that, since no demurrer, motion, or other pleading was directed to the counterclaim of the defendants and the case went to trial and was tried on the theory that the answer of the defendants stated a good cause of action on the counter-

claim and set-off against the plaintiff, the plaintiff, not having raised any objection thereto until the close of the evidence of the defendants, waived its right at that time to make any objection. This is the only question presented by the defendants in their brief, and all others are therefore waived.

The question, therefore, before us for determination is, Did the plaintiff waive its right to object to the counterclaim or set-off when it did not file a demurrer or motion to strike? The plaintiff says it could not raise the question any sooner than it did because the defendants in their pleadings stated a good offset or counterclaim and one which was not subject to either demurrer or motion. It is contended the offset was properly pleaded, but the evidence of the defendants failed to sustain the allegations of their cross-petition. We are inclined to take this view of the case.

The defendants plead as a part and parcel of the same transaction they turned over to the bank the automobiles, and all of said transactions between the interpleader and its successor, the Security National Bank (the plaintiff herein), were had and done in carrying out a general plan and scheme by and between the said bank and the defendants, and they were entitled to offset the same against any judgments due from them on the note and mortgage. If the plaintiff had not raised the question in the court below, the question could not be raised here for the first time. The defendants rely upon numerous decisions of this court. They can all be distinguished from this case. In most of them the pleadings disclose that the defects were apparent upon the face of the pleadings. In some of the cases the correctness of the counterclaim was not challenged until it reached this court.

Under the pleadings in this case, we do not think the plaintiff waived its right to challenge the correctness of the set-off or counterclaim by not filing a demurrer or motion to strike, but its rights were preserved when it filed a demurrer to the evidence on the ground and for the reason that the evidence disclosed the matters alleged as set-offs were not proper counterclaims as against the plaintiff. Under the facts in this case, the question was raised as soon as the plaintiff could reasonably do so.

It is true a demurrer to the evidence admits all the facts which the evidence tends to prove and all the inferences which may be reasonably drawn therefrom. On a demurrer to the evidence the court cannot weigh conflicting evidence, but will treat the evidence as withdrawn which is most favorable to the demurrant, and where the evidence presents disputed questions of fact, it is the duty of the court to submit such questions to the jury. In this case, however, there are no disputed questions of fact. The execution of the note and mortgage being admitted, the burden to proceed was by the trial court placed upon the defendants, and at the conclusion of their testimony the court sustained a demurrer thereto. The defendants in their evidence admitted the amount due on the note, but claimed an offset due consisting primarily of two claims, the one for usury claimed by defendants and the other the right to recover against the plaintiff because it had wrongfully taken possession of certain automobiles and other personal property. The trial court, in rendering its judgment, used this language:

"Now, the court holds and concludes: First, that there is no evidence on the part of McComas to show that there was any usury charged by the bank on any of these items which made up or entered into this new note and real estate mortgage, and that, therefore, if he has any claims on these various other transactions which arose during the automobile transaction of McComas handling the automobiles, that is a matter that may be litigated but not in this action. The same theory would apply to the claim wherein he claims that the bank wrongfully took possession of his property, automobiles, etc. That cannot be litigated in this action, for the reason that the note and mortgage sued on in this action is an entirely independent transaction based upon a contract and the two claims made by McComas, neither of them based upon contract or upon wrongs which he claimed the bank committed against him. Even if these wrongs had been committed, and even though he has an action for that, the court holds that he cannot set that off or use that as a counterclaim as against this admitted indebtedness which arose upon a separate and independent transaction altogether."

We think the trial court was correct when it held that the counterclaims contended for by the defendants were entirely independent transactions and were not based upon the contract between plaintiff and defendants. It follows that no error was committed in sustaining the demurrer to the evidence of the defendants.

The judgment of the trial court is affirmed, and judgment here awarded on the supersedeas bond, with directions to the plaintiff to prepare a journal entry herein against the sureties on the supersedeas bond.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, and HUNT, JJ., concur.