**McGEE et al. v. URSCHEL et al.**

No. 26154. May 12, 1936.

Rehearing Denied June 30, 1936.

Shirk, Danner & Earnheart and Wilcox & Swank, for plaintiffs in error.

Dudley, Hyde, Duvall & Dudley, George Grant, and Robert T. Price, for defendants in error.

PER CURIAM. Complaint is made of the action of the court in sustaining an objection to the introduction of evidence because the petition did not state a cause of action.

The question involved in this proceeding is the meaning of a written contract of purchase of some oil and gas leases, by T. B. Slick of A. R. Swank, trustee for himself and associates.

The contract is as follows:

"Oklahoma City, Oklahoma
"April 26th, 1930.

"A. R. Swank agrees to sell and T. B. Slick agrees to buy, commercial oil and gas leases in Townships 10 and 11 North, Ranges 5 and 6 West, in what is commonly known as the J. V. Bailey Block in Canadian County, Oklahoma.

"An approximate plat of said acreage is hereto attached, marked Exhibit 'A' and made a part hereof, said leases being as follows:

640 acres expiring in 1938.

240 acres expiring in 1937.

Approximately 3220 acres expiring in 1933.

480 acres expiring in 1932.

4480 acres expiring in 1931, and

1680 acres of which leases expiring in 1931, have been signed up for extension, but have not been acknowledged, and which the said A. R. Swank agrees to render any assistance in order to procure the acknowledgments and extensions of said leases, and to render any and all assistance possible to secure extensions leases on any and all of the leases set forth herein.

"The said A. R. Swank also agrees to procure, if possible, 400 acres belonging to the John H. Bellis estate described as the S NE of 33, and the SW of 34, all in Township 11 North, Range 6 East, and the NW of Section 3, Township 10 North, Range 6 West.

"The said A. R. Swank further agrees to procure and have released all outstanding purchase orders and furnish complete abstracts of title within five days from the date hereon, and the said T. B. Slick is to have 25 days within which to examine said abstracts, and all titles are subject to approval by attorneys for T. B. Slick. If and when said titles are approved by said attorneys, the said T. B. Slick agrees to pay a consideration of $20,000 and to carry the said A. R. Swank for a 1/12 interest in said acreage.

"All title requirements called for by the attorneys of T. B. Slick to be furnished by the said A. R. Swank.

"It is further understood and agreed that the said A. R. Swank is to procure a complete release of any and all claims of every kind and character from J. V. Bailey.

"A. R. Swank

"B. G. Hannum for T. B. Slick."

The controverted point is as to the meaning of the following stipulation:

"If and when said titles are approved by said attorneys, the said T. B. Slick agrees to pay a consideration of $20,000 and to carry the said A. R. Swank for a 1/12 interest in said acreage."

Several cases are cited tending to discourage the practice of objecting to the introduction of evidence on the ground that the petition does not state a cause of action. That point can be so raised, according to section 203 of the Oklahoma Statutes of 1931, and decisions thereon. The petition sets out the contract, and also the notices served by defendants in error of intention to cease paying rentals and to cancel the leases, and the opportunity afforded the plaintiffs in error to take over the leases and keep them alive.

The defendants in error, defendants below, contend that the interpretation of the meaning of the contract was a question of law to be decided by the court, and that the court did not err in sustaining the objection to the introduction of evidence in support of a petition that failed to state a cause of action.

The case of Winemiller v. Page, 75 Okla. 278, 183 P. 501, is cited as holding, in effect, that the meaning of the term "carry the said A. R. Swank for a 1/12 interest in said acreage" is that it was left to the lease owner's judgment to determine the advisability of paying up rentals or "delay money", as well as the question of development. In that case the lower court made the finding after taking testimony of experts as to the meaning of the term "carried for an eighth." The plaintiffs in error contend that testimony to determine the meaning of the term should have been taken in this case, and the court should have left the case to the jury.

The courts of Oklahoma have sat for nearly 30 years in the midst of extensive oil fields, developed in large measure through the medium of oil leases, originally procured by speculators and sold to operators, with covenants of various kinds contained, and more often than not some "carried interest" being provided for. By this time they should be sufficiently informed to take judicial knowledge of what significance such term carries, and the lower court evidently acted on that theory, and held that the term used in the contract had no ambiguity, and that there was nothing for a jury to pass on.

The contract entered into by the parties in terms did not require the purchaser of the leases to keep them alive, or to develop the property, and it was optional with him as to development. There was no breach of duty alleged, and therefore no cause of action was stated in the petition.

As to when the courts take judicial knowledge of the meaning of words, see Wigmore on Evidence, para. 2582, and annotation at page 661, A. L. R., vol. 11.

We think that under the contract made by the parties the continuation of the rental payments and also the actual development of the property were optional with the purchaser, and there being no allegation that any profit had been derived, there was no cause of action set up, and the case should be affirmed.

The case is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. H. Kornegay, F. A. Darst, and S. F. Parks in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Kornegay and approved by Mr. Darst and Mr. Parks, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS and PHELPS, JJ., absent.