### JONES v. HERRING et al.

No. 27333.    Oct. 5, 1937.

Mitchell & Mitchell, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error Herring.

WELCH, J. This action was begun in justice of the peace court by Hettinger Brothers Manufacturing Company, a corporation, against M. W. Herring and T. A. Jones to recover on a promissory note made to Jones by Herring, and by Jones sold to Hettinger Brothers Company.

Herring answered by general denial and that the note sued on was given by him to Jones as a part of the purchase price of certain real estate, and that there was a shortage in the quantity of land conveyed to him. That after the purchase price, except the note, had been paid, Jones' attention was called to the fact that the land was short, and Jones at the time directed Herring to measure or survey the land, and that he, Jones, would pay for said shortage, if any. Herring's answer further stated that he measured the land, as directed, and found same to be short, and that having contracted to sell the land to another, he was compelled to, and did make good the shortage in an amount equal to amount sued on herein, and that Jones had not paid him for the shortage, and that the note was transferred after its maturity, and he, Herring, was entitled to offset against the note the amount Jones owed for the shortage. Judgment in the justice court was for the defendants, and appeal was taken to the district court. The cause was tried to the court, jury having been waived, and judgment was rendered for the plaintiff against the defendant Jones, and denying recovery against the defendant Herring. Defendant T. A. Jones appeals and Hettinger Brothers Company, not proceeding with appeal, is made a defendant in error with the said M. W. Herring.

Plaintiff in error presents five propositions in support of seven assignments of error.

"Where land is particularly described in a deed, it will not be controlled by a recital as to quantity, unless it is made clearly to appear that it was the intention to convey a definite quantity.

"The alleged agreement to have the land surveyed and to settle any shortage was incompetent and without consideration.

"The evidence was insufficient to show that any survey was made according to law or any agreement.

"The court was without jurisdiction to try the issue of title and boundaries.

"The evidence was insufficient to warrant the findings and to authorize the judgment of the court."

The trial court found as follows:

"The court finds that the defendant T. A. Jones, having assented to the measurement or survey of the land in question by the persons suggested by the defendant Herring as set forth in finding of fact No. 2 above, and having agreed to settle with the defendant Herring for any shortage ascertained by said measurement or survey, and having caused the defendant Herring to pay out the sum of $205 to the said Comer by reason thereof pursuant thereto on account of such shortage, is estopped to thereafter change his position after the defendant Herring had so paid the said Comer, and refuse to pay the defendant Herring for such shortage."

"The court further finds as a matter of law that the consideration for said note, by reason of the shortage of said land as above stated, has failed to the extent of at least the amount of the note sued; that the defendant Herring has by reason of such shortage and by reason of the things alleged in the next preceding paragraph, a valid defense to the full amount sued for herein and that the plaintiff should not recover as against the defendant Herring."

The rule that where trial was to the court, jury having been waived, a finding by the court on conflicting evidence is conclusive on appeal, is well settled and will not require citation of authorities.

The first proposition is not applicable under the facts in the instant case. Here an agreement was made to have the land surveyed and to settle for the shortage found by the survey.

The consideration for the agreement to have the land surveyed and to settle any shortage was clearly in settlement for an asserted claim under the warranty clause in the deed from Jones to Herring, and it is immaterial whether the description of the land or the recital of quantity controlled in the deed.

Section 9440, O. S. 1931, provides:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

In the case of Fenner et al. v. Sparks, 170 Okla. 556, 39 P. (2d) 27, the second paragraph of the syllabus is as follows:

"A doubtful or disputed claim honestly and in good faith asserted, arising from a state of facts upon which a cause of action can be predicated, with reasonable belief of the party asserting it, and concerning which an honest controversy may arise, is sufficient to constitute a good consideration for a contract of compromise and settlement, although it may subsequently develop that such claim was unfounded."

Although a question of acreage of land conveyed is involved herein, there is no dispute as to title or boundaries.

The other propositions discussed by plaintiff in error concern the sufficiency of the evidence and the rule above stated applies.

There is competent evidence to support the findings of fact by the trial court, and the judgment of the trial court thereon is not contrary to law. The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.