MURPHY, Com'r of Labor, v. ELDRIDGE et al.

No. 33134.  Nov. 16, 1948.

Rehearing Denied June 14, 1949.

*207 P. 2d 260.*

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for plaintiff in error.

George F. Short, Welcome D. Pierson, and John N. Singletary, all of Oklahoma City, for defendants in error.

LUTTRELL, J.  This action was brought by Juanita Eldridge and oth-

ers, proprietors of private employment agencies, to enjoin the Commissioner of Labor of the State of Oklahoma from enforcing as to them the maximum rate to be charged for their services prescribed by 40 O.S. 1941 §43. The trial court rendered judgment for plaintiffs on the pleadings, and defendant appealed. By 12 O.S. 1941 §1079, the action was automatically revived against the present Labor Commissioner.

The petition filed by plaintiffs alleges that section 43 was passed in 1917; that its purpose was the regulation of agencies engaged in securing employment for common laborers in large groups; that no attempt to enforce it has been made for many years because of the decision of the Supreme Court of the United States in Ribnik v. McBride, 277 U.S. 350, 72 L. Ed. 913, 48 S. Ct. 545, 56 A.L.R. 1327. They attach to the petition, as an exhibit, a letter from defendant, calling attention to the fact that the Supreme Court has recently departed from the Ribnik decision, and in Olsen v. Nebraska, 313 U.S. 236, 85 L. Ed. 1305, 61 S. Ct. 862, 133 A.L.R. 1500, held that private employment agencies were subject to regulation, as to the fees chargeable by them, by the states in which they were located, and advising plaintiffs that from and after the expiration of their present licenses on April 30, 1943, they would not be permitted to charge fees in excess of the maximum fee prescribed in section 43, which is five per cent of the first month's wages where the employment is for one month or more, and $1 in all other cases.

Plaintiffs allege that they have spent much time in building up their businesses, and have large sums of money invested therein; that they have served, and are serving, numerous applicants for employment; that the placing of such applicants in positions for which they are qualified involves much effort and expense, and that if the provisions of section 43 are enforced their businesses will be destroyed. They allege that section 43 is unreasonable, arbi-

trary, oppressive and confiscatory, and violative of the Fourteenth Amendment to the Constitution of the United States, and of article 2, §§7 and 15, of the Constitution of this state.

The answer of defendant denies that section 43 is unreasonable, arbitrary, oppressive, or confiscatory, but admits that if the provisions of the section are enforced against plaintiffs "it will be impossible for plaintiffs to continue with the operation of their business and furnish the service to their clients and to the applicants for employment which they have heretofore furnished", as alleged by plaintiffs.

Defendant here contends that the decision of the Supreme Court of the United States in Olsen v. Nebraska, supra, is decisive, and disposes of every question involved in the instant case. However, in that case the question presented for decision was the constitutionality of the Nebraska statute "in so far as the same fixes or limits the fees or compensation of private employment agencies". 133 A. L. R. p. 1502, note 4. The question of whether the fees fixed were arbitrary, unreasonable, or confiscatory was not therein involved or determined. Boomer v. Olsen, 143 Neb. 579, 10 N.W. 2d 507. In the case last cited, brought after the decision in Olsen v. Nebraska was handed down, the trial court, upon the evidence adduced by the parties as to whether the Nebraska law was unreasonable, arbitrary, and discriminatory, and would effect the confiscation of the businesses of plaintiffs, granted a permanent injunction against the enforcement of the Nebraska law, and the judgment was sustained by the Nebraska Supreme Court. While the court stated that the decision in Olsen v. Nebraska, supra, was contrary to the doctrine adhered to in the Nebraska decisions, that the Legislature was without power to fix prices in ordinary business pursuits, in which it included private employment agencies, and that it refused to follow the Supreme Court ruling, it also held that the evidence

amply sustained the finding of the trial court that the fee fixed by the statute, which was ten per cent of the first month's salary, was unreasonable and confiscatory, and therefore unconstitutional and void. The court said:

"Where it appears from the evidence that the enforcement of a regulation, *after considering the nature of the business regulated,* would prohibit the continuance of the business and result in a confiscation of property rights, the regulation is void for unreasonableness."

This court has consistently held that the question of whether a regulatory statute similar to the one here involved was reasonable, or unreasonable, was a question for determination by the courts in a proper case, and that if found to be unreasonable and confiscatory it would be stricken down as violative of our constitutional provisions forbidding the taking of private property without due process of law (art. 2, sec. 7). Thus, in Herrin v. Arnold, 183 Okla. 392, 82 P. 2d 977, we said:

"Since there is no closed class or category of business affected with a public interest, the court in applying the Fifth and Fourteenth Amendments to the Constitution of the United States, U.S.C.A. Const. Amends. 5,14, and corresponding sections of the State Constitution, will determine in each case whether the circumstances are such as to justify the challenged regulation as a reasonable exertion of governmental authority or condemn it as arbitrary and discriminatory."

And in Jack Lincoln Shops v. State Dry Cleaners Board, 192 Okla. 251, 135 P. 2d 332, a case which did not involve price fixing, but required dry cleaners to pay license fees, and authorized the Board to regulate the conduct of the business in other respects, we stated that every presumption was indulged in favor of such statutes by the courts, and that the courts "will not strike them down as being in violation of substantive due process unless they . . .

are palpably unreasonable and arbitrary.

In Associated Industries v. Industrial Welfare Commission, 185 Okla. 177, 90 P. 2d 899, we said:

"Due process of law requires an opportunity for judicial review of administrative orders establishing minimum wages and maximum hours of employment for the purpose of determining whether such orders are within the reasonable limit of administrative discretion and are confiscatory or arbitrary in their application."

The right to question the reasonableness of such statutes is recognized by the Supreme Court of the United States. In Oklahoma Operating Co. v. Love, 252 U. S. 331, 64 L. Ed. 596, 40 S. Ct. 338, the court considered a legislative order of the Corporation Commission fixing rates for laundry work in Oklahoma City. The Federal District Court refused to grant the Operating Company a temporary injunction, and the Supreme Court reversed the lower court. After holding the Operating Company entitled to a temporary injunction the Supreme Court said:

"The suit should, therefore, proceed for the purpose of determining whether the maximum rates fixed by the Commission are, under present conditions, confiscatory. If they are found to be so, a permanent injunction should issue to restrain their enforcement either by means of penalties or otherwise, as though an assertion by customers of alleged rights arising out of the Commission's orders. Missouri v. Chicago, B. & Q. R. Co., 241 U.S. 533, 538, 60 L. Ed. 1148, 1154, 36 Sup. Ct. Rep. 715."

In Nebbia v. New York, 291 U.S. 502, 78 L. Ed. 940, 54 S. Ct. 505, 89 A.L.R. 1469, the Supreme Court said:

"And the guaranty of due process, as has often been held, demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained. It results that a regulation valid for one sort of business, or in

given circumstances, may be invalid for another sort, or for the same business under other circumstances, because the reasonableness of each regulation depends upon the relevant facts."

Defendant argues that Olsen v. Nebraska, supra, necessarily involved the question of whether the law there considered was confiscatory, since the plaintiff in the case could not maintain the action unless he was injured by the enforcement of the act. Defendant also calls attention to the statement in West Coast Hotel Co. v. Parrish, 300 U. S. 379, 81 L. Ed. 703, 57 S. Ct. 578, that the fact that hardship may result from its operation in individual cases does not necessarily render it invalid. But we do not construe that language to mean that the law would be valid if thereby, due to conditions which did not exist at the time the law was passed, private employment agencies, conducted on established business principles and with reasonable efficiency, would be forced out of business. As said in that case, the application of the law should be considered in connection with changed conditions which plaintiffs allege have supervened since its passage. Whether the methods adopted and used by plaintiffs are necessary, reasonable and proper for employment agencies, or whether, as suggested by defendant, they have been adopted, not for the purpose of enabling plaintiffs to render better and more efficient service, but solely to justify their demand for larger fees, are questions which depend on evidence produced at a hearing upon the question of the reasonableness of the fee prescribed by section 43. We express no opinion on these questions, but hold that plaintiffs, in order to obtain the relief sought, must establish that section 43 is unreasonable and confiscatory as to them under present conditions.

The trial court evidently considered the admission made by defendant that plaintiffs could not continue to furnish the service they had heretofore furnished if the law were enforced as equivalent to an admission that the law was confiscatory. We do not agree. It may be that plaintiffs could reduce the services rendered, and attendant cost of operation, without decreasing efficiency or loss of benefits to their clients. This, also, would depend upon the proof. The judgment rendered upon trial should be without prejudice to either party in event of change of conditions in the future. Missouri v. Chicago, B. & Q. R. Co., supra.

Reversed, with directions to grant the parties a trial on the issue pointed out above.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, GIBSON and ARNOLD, JJ., concur.