PEARCE v. PLUMER.

No. 35221.   Dec. 2, 1952.

*250 P. 2d 846.*

J. T. Dickerson and Forrest Powell, Edmond, for plaintiff in error.

O. J. Roberts, Oklahoma City, and Judson H. Pierce, Perry, for defendant in error.

HALLEY, V.C.J.   The parties will be referred to according to the positions they occupied in the trial court.

H. A. Johnson was a resident of Perry, Oklahoma, and had been for a great many years. The defendant was a distant relative and lived with her husband at Edmond, Oklahoma. On November 7, 1946, at the home of the defendant Pearce, H. A. Johnson suffered a severe stroke of apoplexy of the brain and was in a very serious condition from that time until his death on March 12, 1947. Mr. Johnson lived in Perry at a rooming house owned by Mrs. Lena Howard. He had his own room, in which he kept a large iron safe where he kept money and private papers. A short time after he suffered the stroke, the defendant, in company with her husband, went to the home of Lena Howard and prevailed upon her to permit defendant to open the safe

and take out the cash that was in it. The exact amount of money that was in the safe was never definitely determined, but Lena Howard testified that the defendant took all the money out of the safe and out of that money gave her $4,000. The defendant Pearce admitted that in addition to this $4,000 which she gave Mrs. Howard, she took out $6,000 which she kept herself.

After H. A. Johnson's death, the plaintiff herein was appointed administrator of his estate, and made demand on the defendant for the money that she had taken out of the safe, and she refused to relinquish any of the money. The plaintiff brought this action making both Ruth J. Pearce and Lena Howard defendants, and prayed for a judgment in the sum of $40,000. The defendant Pearce filed a counter-claim for $6,000, to which the plaintiff demurred, but the same was overruled. The pleadings were made up and the case went to trial before a jury. The plaintiff offered his testimony and was able to show without contradiction that the defendant, Pearce, had taken $6,000 from the safe of H. A. Johnson and converted the same.

At the close of defendant, Pearce's case, the plaintiff demurred to the evidence and moved for a directed verdict, which the trial court sustained and directed the jury to return a verdict for the plaintiff against the defendant Pearce, which was done. The controversy between the plaintiff and Lena Howard is not involved in this appeal.

The defendant, on her appeal, has raised only two questions. The first is that the trial court erred in sustaining the plaintiff's motion for directed verdict, and second, that the defendant had a right to rely on the decision of the trial judge when the demurrer was originally filed against her cross-petition, and that he could not, at a later stage of the trial, change his ruling on the propriety of the counter-claim. With these contentions we are unable to agree. Under 12 O.S. 1951 §273, it is provided that the counter-claim must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action, after the same has been set aside. Clearly, in this case, the claim of the plaintiff was in tort for the conversion of this sum of money by the defendant to her own use and benefit. Her claim was for services rendered to the deceased, H. A. Johnson, in his last illness, and in no way arose out of the wrongful act of the defendant of converting the money of H. A. Johnson without his authority or consent, and for that reason the defendant was not entitled to set the same up as a counterclaim. Hogue v. Stephens, 159 Okla. 31, 14 P. 2d 219; First National Bank of Ada v. Jackson, 140 Okla. 282, 283 P. 242, 68 A.L.R. 900; First National Bank of Lawton v. Thompson, 41 Okla. 88, 137 P. 668.

As to defendant's second proposition, it is the settled practice in this state that where a demurrer has been improperly overruled, the same question might be raised by objection to the introduction of evidence, by a demurrer to the evidence, or by a motion for directed verdict. In Hart v. Hamra, 91 Okla. 141, 216 P. 649, we held that an exception to an order overruling a demurrer to a petition, on the ground that facts sufficient to state a cause of action are not alleged, is not waived by filing an answer in the cause. See, also, McComas v. Amsden Lumber Co., 134 Okla. 169, 272 P. 835; Schmeusser v. Schmeusser, 181 Okla. 18, 72 P. 2d 387; McGee v. Urschel, 177 Okla. 337, 58 P. 2d 1228; McConnell v. Davis, 46 Okla. 201, 148 P. 687. The defendant and her counsel were fully aware that the plaintiff had the right to raise the question of the sufficiency of her cross-petition

by objecting to the introduction of testimony, demurring to the evidence of defendant on her cross-petition, or moving for a directed verdict on the same; and defendant cannot complain if the trial court corrects an error previously made.

We think the judgment in this case is correct, and it is hereby affirmed.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.