**Marie Fite ERWIN, Chesley P. Erwin, P. D. Erwin, Lucille Erwin Kramer and Frances Mae Harrison, Plaintiffs in Error,**

v.

**D. K. POOLE, Frances Poole Burke, Susan Poole Barbour, Kathryn Poole Burbank, Mark Keller Poole, Thomas J. Poole, Jr., Irene T. Barber, W. B. Ferguson III, Henry Rugeley, Jr., Mary Rugeley Ferguson et al., Defendants in Error.**

No. 41716.

Supreme Court of Oklahoma.

Nov. 5, 1968.

Erwin & Erwin, Chandler, for plaintiffs in error and pro se.

William Scheurich, Jr., Lupardus, Holliman & Huffman, Tulsa, for defendants in error.

DAVISON, Justice.

The parties occupy the same relative positions in this court as in the trial court and will be referred to by their trial court designation. Plaintiffs appeal from a judgment quieting title to certain mineral interests in the defendants and refusing to quiet title thereto in the plaintiffs.

The determination of this appeal involves the construction to be given the reservation clause in a warranty deed. On October 29, 1917, Henry Rugeley and T. J. Poole conveyed by warranty deed to A. F. Rankin property located in Lincoln County, Oklahoma, described and providing as follows:

"North West Quarter (¼) of Section Thirty Two (32) in Township Fifteen (15) North, Range Two (2) East of the Indian Meridian, and reserving to the Grantor a two thirds ⅔ interest in the mineral rights, including oil and gas, including the right of ingress and egress for the purpose of mining and drilling on said land."

Immediately following the printed habendum clause in the deed there is the following language:

"except the oil, gas and mineral right above reserved, all of which is herein reserved and except all taxes and assessments."

On August 24, 1918, A. F. Rankin and his wife conveyed the above property by warranty deed to F. B. Erwin, Walter C. Martin, P. F. Erwin and P. D. Erwin. Immediately after the printed habendum clause in this deed appears the following language:

"except the delinquent taxes and all drainage assessments thereon; and except two thirds interest in oil and gas, * * *"

The plaintiffs, except P. D. Erwin, are the sole heirs and/or devisees of F. B. Erwin, Walter C. Erwin and P. F. Erwin. The defendants D. K. Poole, et al, are the heirs and devisees of Henry Rugeley and T. J. Poole, and possess all of the interest in the above property reserved by Rugeley and Poole in their deed to Rankin. The trial court found and adjudged that under the reservation the defendants had title to an undivided two-thirds mineral interest including oil and gas in and under the property.

Plaintiffs contend that the deed from Rugeley and Poole to Rankin does not contain express and apt words sufficient to constitute a reservation of any interest in the oil, gas or other minerals in and under the land. Plaintiffs proceed from this contention and urge that the reservation, at most, is a reservation of lease rights or power to lease and conflicts with the rule against perpetuities.

Defendants contend that the reservation is an effective reservation of an undivided two-thirds interest in the oil, gas and other minerals.

Our statute, 16 O.S.1961, § 29, provides as follows:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

■ Under this statute there must be in the deed appropriate language expressly reserving some interest in and to the grantor, or the grantor's entire interest passes by a warranty deed to real estate. This court is committed to the so-called "four corners doctrine" or "entire instrument doctrine." To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself. Otherwise, the exception must be construed as an exception to the warranty. Rose v. Cook, 207 Okl. 582, 250 P.2d 846, and Whitman v. Harrison, Okl., 327 P.2d 680. The language in the subject deed must meet these requirements.

In Barker v. Campbell-Ratcliff Land Co., 64 Okl. 249, 167 P. 468, L.R.A.1918A, 487 the reservation in the granting clause of the warranty deed provided that the grantors "reserve all mineral rights upon the above-described lands, and the right to enter thereon * * * for the purpose of extracting the mineral thereon at any time, is reserved from this grant." We held that oil and gas are minerals, within the meaning of a reservation by deed of "all mineral rights" upon the land described in the deed, and that this was a valid and effective reservation of such minerals.

In Wescott v. Bozarth, 202 Okl. 149, 211 P.2d 258, the language in the habendum clause of the warranty deed immediately following the warranty clause stated: "except ¹⁵⁄₁₆ of all mineral rights reserved on Blocks Eight * * * May Dell Tracts Addition * * *." We held that the exception contained apt words which properly reserved or carved out of the conveyance ¹⁵⁄₁₆ of all the minerals, and that the language clearly expressed the intent of the grantors to reserve such interest from the conveyance.

And in Wright v. Carter Oil Co., 97 Okl. 46, 223 P. 835, we held that a mineral deed conveying "An undivided one-half (½) interest in and to all of the mineral rights, including oil, natural gas and petroleum" with the right to go upon the land and explore, drill and mine for oil and gas and other minerals, did not pass title to the oil and gas in place, but did convey an undivided one-half interest in said mineral resources including oil, gas and petroleum.

It is settled that the right of the owner of the land to the oil, gas and other minerals beneath it is a proper subject of sale and may be granted or reserved, and is an interest in the fee. Myers v. Hines, 149 Okl. 232, 300 P. 309, 310, and Hudson v. Smith, 171 Okl. 79, 41 P.2d 861, 863.

The above authorities are clearly applicable to the reservation in the present case. It is our conclusion that there are apt words in the reservation which properly reserve out of the conveyance an undivided two-thirds of the minerals, including oil and gas, and that the language clearly expresses an intent to reserve such interest from the conveyance.

Plaintiffs argue that the words "reserving to the grantor," when there are two grantors, leaves the identity of the beneficiary of the reservation obscure. No authorities are cited on this point as to what benefit the plaintiffs may derive from this. We have held herein that there was a valid reservation. It appears to us that the defect, if it be such, is more a matter for the concern of the defendants and not the plaintiffs. It appears the defendants have settled this among themselves. We fail to see how this affects our conclusion regarding the validity of the reservation.

Our determination that the reservation is clearly valid and that the defendants own a two-thirds mineral interest, including oil and gas, in the property, renders it unnecessary to consider the further contentions of the plaintiffs.

The judgment of the lower court is affirmed.

All the Justices concur.