**WOODS DEVELOPMENT COMPANY,** in behalf of themselves and other similarly situated, Appellants,

v.

**MEURER ABSTRACT & TITLE CO.;** Abstract and Guaranty of Blaine County, Ok., Inc.; Beaver County Abstract Co.; Caddo County Abstract Company, Inc.; Capitol Abstract and Title Company; Choctaw Abstract and Title, Inc.; Claremore Abstract & Guaranty Company; Cochran Abstract Company; Creek County Abstract Co., Inc.; Duncan Abstract Company; Garvin County Abstract Company; Goetzinger Abstract & Title Company; Grand River Abstract and Title Company; Guthrie Abstract Company; Jelsma Abstract Company; Little Dixie Abstract; Photo Abstract Company; Poteau-LeFlore County Abstract Company; Roberts Abstract Co., Inc.; Seminole County Abstract Co.; Security Abstract Company; Solomon Abstract Company; Southern Abstract and Title Company; Stephens County Abstract Company; Union-Speer Abstract Company; Warranty Title & Abstract Company; Washita Valley Abstract Company; Throckmorton Abstract Co., Inc.; Tulsa Abstract & Title Co., Appellees.

No. 59640.

Supreme Court of Oklahoma.

Dec. 24, 1985.

Lawrence A.G. Johnson and Belva M. Brooks, Tulsa, for appellant Woods Development Co.

Oliver & Evans, Inc. by Larry L. Oliver, G. Bruce Sewell, and Sidney A. Martin, Legal Asst., Tulsa, for appellees Meurer Abstract & Title Co., Choctaw Abstract & Title Co., Little Dixie Abstract, Poteau Le-Flore County Abstract Co., Robert Abstract Co., Inc., and Southern Abstract and Title Co.

Veva L. Riley, Watonga, for appellee Abstract and Guar. of Blaine County, Okl., Inc.

Donald E. Herrold, Tulsa, for appellee Beaver County Abstract Co.

Pain & Garland by Leslie Pain, Anadarko, for appellee Caddo County Abstract Co.

McAfee & Taft by Ray G. Moss, Oklahoma City, for appellee Capitol Abstract and Title Co.

Thomas H. Williams, Claremore, for appellee Claremore Abstract & Guaranty Co.

Robert J. Hays, Chickasha, for appellee Cochran Abstract Co.

Loeffler, Allen & Johnson by Keith Ham, Bristow, for appellee Creek County Abstract Co., Inc.

Leach, Sullivan, Green & Buxton by Paul D. Sullivan, Duncan, for appellees Duncan Abstract Co., Stephens County Abstract Co.

Crow & Dunlevy by William G. Paul, Oklahoma City, for appellee Garvin County Abstract Co.

Duke Halley, Woodward, for appellee Goetzinger Abstract & Title Co.

Gene Davis, Jay, for appellee Grand River Abstract and Title Co.

Williams & Hirzel by Thomas R. Williams, Guthrie, for appellees Guthrie Abstract Co., Jelsma Abstract Co.

James W. Thompson, Miami, for appellee Photo Abstract Co.

Robert B. Bird, Stillwater, for appellee Seminole County Abstract Co.

Thomas M. Rigdon, Newkirk, for appellee Security Abstract Co.

Harold Logsdon, Kingfisher, for appellee Solomon Abstract Co.

Mitchell & Schultz by J. Bruce Schultz, Sapulpa, for appellee Union Speer Abstract Co.

Randy D. Mecklenburg, Kingfisher, for appellee Throckmorton Abstract Co., Inc.

Hall, Estill, Hardwick, Gable, Collingsworth & Nelson by Richard E. Comfort and Tyrus V. Dahl, Jr., Tulsa, for appellee Tulsa Abstract & Title Co.

Porta, Bass & Bass, P.C. by James C. Bass, El Reno, for appellee Warranty Title & Abstract Co.

John M. Nelson Chickasha, for appellee Washita Valley Abstract Co.

Hastie & Kirschner by George W. Dahnke and Merrilyn L. Blackburn, Oklahoma City, for amicus curiae Oklahoma Land Title Ass'n.

HODGES, Justice.

The case requires us to decide the following issue of first impression: Whether 1 O.S. 1981 § 7 (repealed 1984)[1] violates the

---

1. 1 O.S.1981 § 7 provided:

"No person, firm or corporation doing business under the provisions of this chapter shall charge any fees in excess of the following: For the first entry of transfer on the abstract, seventy-five cents ($0.75); for each subsequent entry of transfer, thirty-five cents ($0.35); for entry of certificate relating to taxes, fifteen cents ($0.15); for entry of certificate relating to mechanics

liens, fifteen cents ($0.15); for certificate as to judgments which may constitute a lien on real estate abstracted, thirty-five cents ($0.35); fifteen cents ($0.15) for each name certified to: for synopsis of court records or proceedings, thirty cents ($0.30) per folio; and it shall be the duty of the abstractors to continue any abstract so made by them on the payment of twenty-five cents ($0.25) for each additional entry thereon

Oklahoma and United States Constitutions in setting maximum fees for abstracting services. The District Court of Pawnee County found the maximum fee schedule established in 1910 to be advisory only, and if applied to the current abstracting industry it would be vague, economically unreasonable and confiscatory. The trial court therefore held the statute unconstitutional. The trial court's ruling was certified for an interlocutory appeal to this Court. We conclude 1 O.S.1981 § 7 (repealed 1984) was mandatory and unconstitutional, and affirm in part, reverse in part and remand with directions the order of the trial court.

Woods Development Company (Woods or appellant), a fictitious partnership, owned realty in Pawnee County which had been subdivided into an addition. Appellant was required to furnish abstracts of the lots in the addition. Meurer Abstract & Title Co. (Meurer), the only abstract company in Pawnee County, prepared five abstracts and submitted a bill for fees in excess of 1 O.S.1981 § 7. Meurer refused to deliver the abstracts until the fees as billed were paid by Woods. Appellant originally brought this action individually and as a class action against Meurer in the District Court of Pawnee County. The class was identified as those purchasers who purchased abstracts from Meurer for the past five years and who had been charged fees in excess of the statutory fee schedule. Appellant sought a refund of charges exacted by Meurer in excess of the statutory fee schedule for abstracts ordered and delivered over the past five years. Woods, individually, also sought delivery of the five abstracts upon payment of the statutory charges.

Appellant amended its petition, also bringing suit against Atoka Abstract Company, Inc., Choctaw County Abstract and Title, Inc., Poteau-LeFlore County Abstract Company, Roberts Abstract Co., Inc., Little Dixie Abstract; and Southern Abstract and Title Co., alleging antitrust violations based upon the establishment of a monopoly and price fixing. Thereafter, appellant dismissed its action against Atoka Abstract Company, Inc.

On August 20, 1982, the trial court ordered Woods to amend its petition to include as defendants in the case all abstract companies within Oklahoma. It further ordered Meurer to complete and return any of Woods' abstracts which had been forwarded to Meurer. Woods was ordered to pay Meurer the amount regularly charged and to remit such amount over the statutory prescribed charge into the trial court. The overcharge was to be distributed upon the ultimate ruling of the case. Appellant then filed a third amended petition on October 18, 1982, adding additional defendants to its fifth cause of action as pled in the original petition which sought an accounting and repayment to members of the class for charges in excess of the statutory charges.

On January 6, 1983, the trial court concluded the statutory fee schedule as provided in 1 O.S.1981 § 7 "is at best an advisory guide and its strict enforcement is now unconstitutional." It reasoned that "[t]o hold otherwise, in today's economy, would be a denial to the abstractor defendants of economic due process and a taking of property without due process of law, an act prohibited by the constitutions of both these [sic] United States and the State of Oklahoma." The trial court directed Meurer to calculate its charges for abstracts prepared for Woods in the amount not to exceed 40 times the charges stated in 1 O.S.1981 § 7. The trial judge then certified for interlocutory appeal to this Court, upon Woods' motion, its ruling regarding the unconstitutionality of 1 O.S.1981 § 7, finding its ruling materially affected a substantial part of the merits of the controver-

and certificate fees as above stated. Provided, that where counties have been organized by proclamation of the Governor, and later dissolved by the courts, and the territory reverts to the county or counties from which the county was organized, the abstractor shall omit from abstracts in the territory of such county all records relating to the formation and dissolution of such counties."

1 O.S. §§ 1 to 18 were repealed by Laws 1984, c. 163, § 21, eff. Nov. 1, 1984. Prior to repeal, § 1 was amended by Laws 1983, c. 63, § 1.

sy and that immediate appeal may ultimately advance the determination of the litigation. 12 O.S.1981 § 952(b)(3).

The question sought to be reviewed in this case is whether the trial court was correct in holding 1 O.S.1981 § 7 unconstitutional and unenforceable, if applied, because it would deprive appellees and all similarly situated of their property without due process of law in violation of the Oklahoma and United States Constitutions.[2]

Appellant urges in its petition and amended petition in error the statutory provision for setting the maximum amount to be charged is mandatory, not advisory; that Section 7 is a constitutional expression of the legislative intent to regulate the maximum amount the abstract companies may charge for the preparation of abstracts; and that said statute is constitutional.

The Oklahoma Land Title Association has filed an amicus curiae brief herein.

The abstracting industry because it "is affected with a public interest," is subject to regulation by the State under the inherent police power. *Application of Richardson,* 199 Okl. 406, 184 P.2d 642, 644 (1947). It is a fundamental principle that such regulation must be reasonable so as not to be violative of the provisions of the federal and state constitutions.

█ The threshold question is whether Section 7 is mandatory, or merely advisory as the trial court concluded. The trial court stated: "Tit. 1 O.S. (1910) § 7 has been obeyed in its breach and this Court finds that such a statute, so long ignored and unenforced, is at best an advisory guide and its strict enforcement is now unconstitutional." Presumably the trial court's use of the word "advisory" means "directory".

A long-standing rule of construction in this jurisdiction is that "may" generally denotes permissive or discretional, *Shea v. Shea,* 537 P.2d 417, 418 (Okla.1975), while "shall" is ordinarily interpreted as implying a command or mandate. *Sneed v. Sneed,*

585 P.2d 1363, 1364 (Okla.1978). In our recent pronouncement in *Citicorp Savings and Trust Company v. The Banking Board of the State of Oklahoma and Empie,* 704 P.2d 490 (Okla.1985), we gave directory construction rather than mandatory to the word shall upon a finding of strongly persuasive contrary legislative intent. We relied upon the case of *State v. Hunt,* 286 P.2d 1088 (Okla.1955), which conditions a mandatory construction upon a finding that there be no contrary legislative intent apparent.

Applying this standard to the present case, we find no contrary legislative intent apparent. The statutory fee schedule had been in existence since 1910 until 1984 when it was repealed. Had the Legislature intended the fee schedule to be directory it could have easily changed the word shall to may to make the fee schedule permissive. Further support of this position is found in 1 O.S.1981 § 8 (repealed 1984) which made it a misdemeanor to "violate any provisions of this chapter" and 1 O.S.1981 § 10 (repealed 1984) which provided that an abstractor "shall be guilty of the crime of extortion" for failing to provide an abstract "for a reasonable consideration, which in no case shall exceed the fees prescribed in this chapter."

We think that the word "shall", as it clearly appears in Section 7, was intended by the Legislature to make the fee schedule mandatory. We, therefore, find error in the trial court's conclusion that Section 7 is merely advisory and that portion of the order should be reversed.

█ Having found the statute mandatory, we now examine its constitutionality.

Appellees argue the enforcement of the 1910 fee schedule today would be unconstitutional. They allege two grounds in support of their argument. First, they argue enforcement would be confiscatory because the statutory fee schedule does not afford abstractors a reasonable rate of return in the present economy and thus violates constitutional due process. The district court

---

**2.** U.S. Const. amend. XIV, § 1; Okla. Const. art. 2, §§ 2, 7.

found if the fee schedule were determined mandatory it "would be a denial to the abstractor defendants of economic due process and of taking of property without due process of law . . . ."

Section 10 of title 1 provided the abstracting business stands "upon a like footing with that of common carriers." We will therefore look to the due process principles that govern the determination of rates or fees which have evolved in the context of common carriers to guide our analysis herein.

The United States Supreme Court and this Court have often recognized the confiscation doctrine, that a rate is not reasonable if it is confiscatory. *Permian Basin Area Rate Cases*, 390 U.S. 747, 88 S.Ct. 1344, 20 L.Ed.2d 312, *reh. denied sub nom. Bass v. FPC*, 392 U.S. 917, 88 S.Ct. 2050, 20 L.Ed.2d 1379 (1968); *Federal Power Comm. v. Hope Natural Gas Co.*, 320 U.S. 591, 64 S.Ct. 281, 88 L.Ed. 333 (1944). In *Southwestern Public Service Co. v. State*, 637 P.2d 92, 96 (Okla.1981) we quoted with approval from *Alabama Public Service Comm. v. South Cent. Bell Tel. Co.*, 348 So.2d 443 (Ala.1977), in the context of a public utility:

"The just compensation safeguards to a utility by the 14th Am. to the U.S. Const. is a reasonable return on the value of the property used at the time that is being used for the public service, and rates not sufficient to yield that return are confiscatory."

Appellees point by analogy to this Court's examination of the statutory provisions concerning the maximum rates to be charged by employment agencies, citing *Murphy v. Eldridge*, 201 Okl. 501, 207 P.2d 260 (1948). There, the statute was challenged as confiscatory due to changed conditions which supervened since its passage. Plaintiffs alleged that if the statutory fees were enforced their businesses would be destroyed. Although the Court expressed no opinion as to the confiscatory nature of the statute, it remanded the case directing the trial court to hear evidence on the issue whether the statute was unreasonable and confiscatory under *present* conditions.

Appellees likewise maintain the 1910 rate schedule, if enforced, would deny abstractors a substantial portion of compensation for services performed and thus would be confiscatory. They further maintain the enforcement of such schedule would likely force many of the abstractors out of business, thus disrupt, if not destroy, the industry. They contend the enforcement of such fees would frustrate the original legislative intent to afford abstracts to the public at reasonable rates.

Appellant argues the trial court improperly took judicial notice of the economic status of the cost of doing business for the abstracting industry under 12 O.S.1981 § 2202. The trial court judicially noticed that since 1910 the cost to enter a movie has risen by a multiple factor of 40 and then applied that factor to the abstracting industry. Meurer admits in its answer brief the trial judge may have selected "a poor indicator when he compared the price of the nickelodeon one-reeler with today's multi-million dollar feature film." However, Meurer goes on to argue "there can be no doubt that the purchasing power of the dollar has plummeted in the seven decades since the schedule was adopted."

■ The decline of the purchasing power of the dollar is judicially noticeable. *Holland v. Dolese Co.*, 643 P.2d 317, 323 (Okla. 1982); *Sample v. Campbell*, 305 P.2d 1033, 1037 (Okla.1957). Similarly, the trial court may take judicial notice of economic trends over a period of years. *Skirvin v. Mesta*, 141 F.2d 668, 674 (10th Cir.1944). We realize that the costs of the admission to a movie and the abstracting business are hardly similar and find the trial court's comparison inappropriate. However, it is a matter of common knowledge that the purchasing price of the dollar has declined and economic conditions have changed since 1910 and; therefore, judicial notice of such could be taken. Judicial notice is a substitute for proof by evidence. *Cf. McGee v. Urschel*, 177 Okl. 337, 58 P.2d 1228 (1936). Appellant did not properly question the

propriety of the trial court taking judicial notice as provided under 12 O.S.1981 § 2203.

Appellees second basis supporting its unconstitutionality argument is that the application of the statutory fee schedule today is vague. The trial court found the statute vague and unenforceable to the modern methods of preparing abstracts. Appellees contend the charges listed in Section 7 do not readily translate into the services provided by the present day abstract industry and the statute should be rendered void for vagueness. For example, the trial court observed that because in 1910 a federal tax lien was unknown, an ambiguity exists today as to whether abstractors should charge 15¢ and list it as "a certificate relating to taxes" or charge 35¢ and list it as "a certificate as to judgment which may constitute a lien on real estate." Also noted was the questionable meaning of "first entry of transfer"—is it the granting patent from the United States to the Indian tribe or all documents from the original patent to the first non-Indian holder of the property.

Accordingly, as the trial court correctly determined, under today's facts and circumstances, the application of the fee schedule as originally enacted in 1910 under 1 O.S.1981 § 7 is unreasonable, confiscatory and vague. For the foregoing reasons we hold the statutory fee schedule is unconstitutional.

■ However, we cannot agree with the trial court's imposition of the multiple factor of 40 to the statutory fees as enacted in 1910 to calculate the maximum fee Meurer may charge Woods for work performed. For this reason we reverse and remand that portion of the order and direct the trial court to determine what is reasonable compensation consistent with the reasonableness standard prescribed in the new Oklahoma Abstractors Law, 74 O.S.Supp. 1984 § 227.20.

Whatever merit there may have been to appellant's only other allegation in error raised in its petition in error pertaining to the trial court's sustention of certain appel-lees' motions to quash, our affirmance of the trial court's finding Section 7 unconstitutional obviates discussion of such question. Our affirmance hence renders moot the issue regarding the sustention of the motions to quash.

In summary, we affirm the portion of the order which finds the application of 1 O.S. 1981 § 7 (repealed 1984) unconstitutional. However, we reverse the part of the order which finds Section 7 advisory only and not mandatory. That portion of the order which purports to calculate maximum fees to be charged based upon a multiple factor of 40 is reversed and remanded for a determination of the reasonable compensation for services provided by the Meurer Abstract & Title Company in this case.

The order of the trial court is therefore affirmed in part, reversed in part, and remanded with directions that the case proceed in accordance with this opinion.

LAVENDER, HARGRAVE, WILSON and SUMMERS, JJ., concur.

SIMMS, C.J., and OPALA, J., concur in judgment.

DOOLIN, V.C.J., and KAUGER, J., disqualified.