Attorney General Loving has received your letter requesting an Attorney General's opinion addressing, in effect, the constitutionality of 60 O.S. 674.1 (1991). Because your question may be answered by reference to controlling statutes and case law, the issuance of a formal opinion of the Attorney General is unnecessary. Further, an attorney general's opinion as to the constitutionality of a statute is advisory only. York v. Turpin, 681 P.2d 763 (Okla. 1984). The discussion which follows is, therefore, not an official opinion of the Attorney General; it represents, rather, the analysis and conclusions of the undersigned assistant attorney general. Section 60 O.S. 674.1 of Title 60 establishes a limit on the amount of fees which may be charged for recovery of funds or property and provides in pertinent part: "A. No person who: 1. Informs a potential claimant of any unclaimed funds or other property, tangible or intangible, held pursuant to the Uniformed Disposition of Unclaimed Property Act that such claimant may be entitled to claim such unclaimed property; or 2. files a claim for any funds or other property, tangible or intangible, on behalf of a claimant of such funds or property, shall contract for or receive from the claimant, for services, an amount that exceeds twenty-five percent (25%) of the value of the funds or property recovered." If the funds or property involved are mineral proceeds, the amount for services shall not include a portion of the underlying minerals or any production payment, overriding royalty, or similar payment. Your letter essentially asks whether 60 O.S. 674.1 (1991) unconstitutionally infringes upon an heir finder's right to pursue a lawful business. The general presumption is that a law is constitutional and, until its unconstitutionality is judicially established, subordinate functionaries must treat it as such. Caruth v. State, 223 P.186 (Okla. 1924). Scott-Rice v. Oklahoma Tax Commission, 503 P.2d 208
(Okla. 1972). While the State cannot suppress or prohibit legitimate business relationships, there is no fundamental vested right to conduct business entirely free of reasonable governmental rules and regulations. The State in the exercise of its police power has the recognized authority to enact laws to promote the public health, safety, morals and general welfare. Cotton Club v. The Oklahoma Tax Commission,158 P.2d 707 (Okla. 1945). The question of whether a regulatory statute is reasonable or unreasonable is a question for determination by the courts. Murray v. Eldridge, 207 P.2d 260 (Okla. 1948). This case stands for the proposition that statutes are presumed valid and that courts will not strike them down as unconstitutional unless they are palpably unreasonable and arbitrary. The fact that hardship may result in individual cases does not necessarily render a statute invalid. While 60 O.S. 674.1 imposes certain restrictions upon an heir finder's ability to contract for services, the statute does not preclude the heir finder from pursuing his occupation or impose unreasonable limitations on the performance of his business activities. Reasonableness is ultimately a question for a court, but I can find nothing which makes the statute unreasonable on its face. Your letter questions the State's motivation and asserts that the State would prefer heirs not be found so that monies remain in the State coffers. My review indicates no such purpose which may be discovered by reading the statute. I think the statute can be viewed as an attempt to protect heirs by placing reasonable limits on the fees charged by heir finders in certain situations. Therefore, I am of the opinion that a court would find 60 O.S. 674.1 (1991) a constitutionally permissible regulation of business. Your letter also seeks a definition of mineral proceeds. The same are defined at 60 O.S. 651(k) (1991) which provides: "(k) "Mineral proceeds" includes: (1) all obligations to pay mineral proceeds resulting from the production and sale of minerals, including net revenue interest, royalties, overriding royalties, production payments, and payments under joint operating agreements; and (2) all obligations for the acquisition and retention of a mineral lease, including bonuses, delay rentals, shut-in royalties, and minimum royalties." In conclusion, it is my opinion that 60 O.S. 674.1 is constitutionally valid on its face. Its constitutionality in a particular situation is a question of fact which cannot be answered in an opinion of this office. 74 0.S. 18b(5) (Douglas F. Price)